1  Kim V. Marrkand (*Pro Hac Vice* application forthcoming)
   kmarrkand@mintz.com
2  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   One Financial Center
3  Boston, MA  02111
   Telephone:  617-542-6000
4  Facsimile:   617-542-2241

5  Evan S. Nadel (SBN 213230)
   enadel@mintz.com
6  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   44 Montgomery Street, 36th Floor
7  San Francisco, CA 94104
   Telephone:  415-432-6000
8  Facsimile:   415-432-6001

9  Attorneys for Defendants
   LIBERTY MUTUAL FIRE INSURANCE COMPANY
10 and LIBERTY INSURANCE CORPORATION

11

12                        UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14

15 PACIFIC GAS & ELECTRIC COMPANY,         Case No.
   a California corporation,
16                                          (State Court Civil Action File No. CGC
                     Plaintiff,             16-555539)
17
              vs.
18                                          **NOTICE OF REMOVAL**
19 LIBERTY MUTUAL FIRE INSURANCE
   COMPANY, a Massachusetts corporation;
20 LIBERTY INSURANCE CORPORATION,
   a Vermont corporation; TREES, INC.,
21 a Delaware corporation; and DOES 1 through
   10,
22
                     Defendants.
23

24

25

26

27

28

65704880v.2

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(b), Defendants Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation (collectively "Liberty") hereby remove to this Court the state court action described below:

1.  On November 28, 2016, an action was commenced against Defendants in the Superior Court of California, County of San Francisco, Case No. CGC 16-555539, entitled *Pacific Gas & Electric Company v. Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation and Trees, Inc.*  A copy of the complaint, together with the other papers served on Liberty, are attached hereto as **Exhibit A**.

2.  On November 29, 2016, Plaintiffs made or attempted service of process on Liberty by delivering a copy of a Summons and Complaint, Civil Case Cover Sheet, Notice of Related Case and other papers.  Liberty has not answered or otherwise appeared in the state court action.

3.  This is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) (diversity jurisdiction), and is one that may be removed to this court by defendants, pursuant to 28 U.S.C. § 1441(b), based on the following facts:

    a.  Defendants are informed and believe (based on Plaintiff's allegations in the complaint) that Plaintiff is a corporation organized under the laws of the State of California, with its principal place of business in San Francisco, California.  *See* Ex. A (Complaint) ¶2.

    b.  Defendant Liberty Mutual Fire Insurance Company is a Wisconsin corporation with its principal place of business in Boston, Massachusetts.

    c.  Defendant Liberty Insurance Corporation is an Illinois corporation with its principal place of business in Boston, Massachusetts.

    d.  On information and belief, Defendant Trees, Inc. is a Delaware corporation with its principal place of business in Houston, Texas.

e.   Defendant Trees, Inc. consents to the removal of this action to this Court, pursuant to 28 U.S.C. § 1446(b)(2)(A).

f.   The amount is controversy in this action, exclusive of interest and costs, exceeds $75,000.00. *See* Ex. A (Complaint) ¶ 61 (alleging damages "of $2,500,000 plus interest"); *id*. ¶ 71 (alleging damages of $10,000,000).

4.   This Court has diversity jurisdiction because Plaintiff is a citizen of California, no defendant is a California citizen pursuant to 28 U.S.C. § 1332(c), and because the amount in controversy requirement is satisfied. 28 U.S.C. §1446(c)(2) (damages alleged in complaint "shall be deemed to be the amount in controversy").

WHEREFORE, Liberty prays that the above action now pending against it in the Superior Court of California, County of San Francisco, be removed therefrom to this Court.

DATED: December 28, 2016          Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

_____*/s/ Evan S. Nadel*_____
By:   KIM V. MARRKAND
      EVAN S. NADEL

Attorneys for Defendants
LIBERTY MUTUAL FIRE INSURANCE
COMPANY and LIBERTY INSURANCE
CORPORATION

65704880v.2

# EXHIBIT  A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts company;
LIBERTY INSURANCE CORPORATION, a Vermont corporation; TREES, Inc.,
a Delaware corporation; and DOES 1 through 10,
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PACIFIC GAS & ELECTRIC COMPANY, a California corporation,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>Civic Center Courthouse<br>400 McAllister Street<br>San Francisco, CA 94102-4514<br>(415) 551-4000 | **CASE NUMBER:**<br>*(Número del Caso):* **CGC 16-555539** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sandra Smith Thayer SBN 200294 Tel.: 310.500.3500 Fax: 310.500.3501
Liner LLP
1100 Glendon Avenue, 14th Floor, Los Angeles, CA 90024-3503

| DATE:<br>*(Fecha)* | NOV 28 2016 | CLERK OF THE COURT<br>*(Secretario)* | Clerk, by<br>*(Secretario)* | DE LA VEGA-NAVARRO, Rossali | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

SUMMONS

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FAXED



FAXED

1  Kirk A. Pasich (SBN 94242)
   Sandra Smith Thayer (SBN 200294)
2  Anamay Carmel  (SBN 298080)
   LINER LLP
3  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
4  Telephone:  (310) 500-3500
   Facsimile:  (310) 500-3501
5
   Attorneys for Plaintiff
6
7         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8            **FOR THE COUNTY OF SAN FRANCISCO**

9  PACIFIC GAS & ELECTRIC          Case No. CGC 16-555539
   COMPANY, a California corporation,
10                                  **COMPLAINT FOR BREACH OF**
              Plaintiff,            **CONTRACT; TORTIOUS BREACH**
11                                  **OF THE IMPLIED COVENANT OF**
        vs.                         **GOOD FAITH AND FAIR**
12                                  **DEALING; AND DECLARATORY**
   LIBERTY MUTUAL FIRE             **RELIEF**
13 INSURANCE COMPANY, a
   Massachusetts company; LIBERTY   **DEMAND FOR JURY TRIAL**
14 INSURANCE CORPORATION, a
   Vermont corporation; TREES, Inc., a
15 Delaware  corporation; and DOES 1
   through 10,
16
              Defendants.
17

18        Plaintiff Pacific Gas and Electric Company ("PG&E") hereby complains of

19  defendants and alleges as follows:

20                    <u>**NATURE OF THIS LAWSUIT**</u>

21        1.    This is an action by PG&E to recover amounts due to it as an additional

22  insured under a Commercial General Liability insurance policy issued by defendant

23  Liberty Mutual Fire Insurance Company and a Commercial Liability Umbrella

24  insurance policy issued by defendant Liberty Insurance Corporation to PG&E's

25  contractor, Trees, Inc.  It arises out of these insurers' wrongful and bad faith refusal

26  to defend and indemnify PG&E in the underlying *Butte Fire* litigation.  The *Butte*

27  *Fire* litigation arose out of a September 9, 2015 wildfire, known as the Butte Fire,

28  that started in Amador County and spread to Calaveras County, burning thousands

1  of acres and causing substantial property damage.  At the time of the Butte Fire,

2  PG&E had a contract with Trees, a tree pruning company responsible for trimming

3  trees in and around the location where the Butte Fire ignited, that required, among

4  other things, Trees to indemnify, hold harmless, and defend PG&E from and against

5  all claims, damages, expenses, and liability for injury, death, property damage or

6  strict liability that arises from Trees's services.  The contract also obligated Trees to

7  add PG&E as an Additional Insured under Trees's insurance policies, including the

8  Liberty Mutual and Liberty policies.

9  **THE PARTIES**

10      2.     PG&E is a corporation organized under the laws of the State of

11  California, with its principal place of business in San Francisco, California.

12      3.     Liberty Mutual Fire Insurance Company is a Massachusetts corporation

13  with its principal place of business in Boston, Massachusetts.  It is licensed to

14  transact business, and is transacting business, in the State of California and the

15  County of San Francisco.

16      4.     Liberty Mutual, a self-professed "insurance expert," is the third largest

17  property and casualty insurer in the United States.  *See*

18  http://web.archive.org/web/20150912021924/http://www.libertymutualgroup.com/b

19  usiness-insurance/why-liberty-mutual-insurance;

20      5.     Liberty Mutual represented, prior to the inception of the policy at issue,

21  that it has

22          a responsibility to be there every step of the way . . . across state lines .

23          . . . As a Fortune 100 company, [Liberty Mutual has] 45,000 employees

24          worldwide [and] all of them are dedicated to one thing.  Doing the right

25          thing.

26  http://www.libertymutualgroup.com/omapps/ContentServer?pagename=LMGroup/

27  Views/LMG.

28      6.     Liberty Mutual also stated:

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

Your Insurance Experts

You're passionate about your business; we're passionate about protecting it. At Liberty Mutual Insurance, we have the experience and expertise to help keep your business safe – and that is just what we've done since 1912. With more than 45,000 employees in approximately 900 offices around the world, we have broad capabilities and the local resources to support you.

http://web.archive.org/web/20150912021924/http://www.libertymutualgroup.com/business-insurance/why-liberty-mutual-insurance.

7.    Liberty Mutual also states:

when you do file a claim, our experienced professionals will work to quickly and fairly resolve it. Our teams are skilled in every part of the claims process and have the training, technology, and resources to get you the best possible outcome.

*Id.*

8.    Liberty Insurance Corporation is a Vermont corporation with its principal place of business in Boston, Massachusetts. It is licensed to transact business, and is transacting business, in the State of California and the County of San Francisco.

9.    Liberty held itself out as a "[m]arket leader with a zeal for excellent service and ultimate protection."

http://web.archive.org/web/20150504205948/http://www.libertyinsurance.com.ph/.

10.    Liberty also stated, prior to the inception of the Liberty policy at issue here, that "Liberty Insurance Corporation remains true to its corporate values: professional and ethical service, reliability, leadership, commitment and business with integrity." *Id.*

11.    Trees, Inc. is a corporation organized under, and existing by virtue of, the laws of the State of Delaware.  Trees is registered to do business in the State of

3

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1    California and does business throughout the State of California and the County of

2    San Francisco.

3        12.    PG&E is ignorant of the true names and capacities, whether individual,

4    associate, partnership, corporate, or otherwise, of the defendants fictitiously

5    designated herein as Does 1 through 10, and therefore sues those defendants by

6    these fictitious names.  PG&E will seek leave of court to amend this complaint

7    when the true names and capacities of these fictitiously designated defendants have

8    been ascertained.  PG&E is informed and believes, and on that basis alleges, that

9    Does 1 through 10, in some way unknown to PG&E, have underwritten or provided

10   insurance coverage to PG&E, or are otherwise responsible for losses alleged herein,

11   and that Does 1 through 10 are authorized to, and do, transact insurance business in

12   the State of California and the County of San Francisco.

### THE TREES AGREEMENT

14       13.    PG&E and Trees entered into an agreement regarding "[d]istribution

15   tree pruning and tree and brush removal and reliability tree pruning," in effect from

16   September 25, 2014, to December 31, 2019 (the "Trees Agreement").  A true and

17   correct copy of the relevant portions of the Trees Agreement, PG&E Contract No.

18   4400009030, with Trees, Incorporated (Sept. 2014), is attached as Exhibit A and

19   incorporated herein by reference.

20       14.    The Trees Agreement states, among other things:

21           To the maximum extent permitted by applicable law, [Trees]
             shall indemnify, hold harmless and defend PG&E . . . from and
22           against all claims, demands, losses, damages, costs, expenses and
             liability . . . .
23

24   Trees Agreement, ¶ 9.1.1.

25       15.    The Trees Agreement also states: "[Trees] shall, on PG&E's request,

26   defend any action, claim, or suit asserting a claim which might be covered by this

27   Indemnity. . . ."  *Id.,* ¶ 9.1.3.  The Trees Agreement does not contain an express

28   limit on Trees's indemnification obligation.

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1    16.   . The Trees Agreement obligates Trees to "maintain the following

2    insurance coverage":

3         10.2   Commercial General Liability

4              10.2.2    The limit shall not be less than $10,000,000
                          (Ten Million Dollars) each occurrence for
5                         bodily injury, property damage and personal
                          injury.  Defense costs shall be provided as an
6                         additional benefit and not included within the
                          limits of liability.  Coverage limits may be
7                         satisfied using an umbrella or excess liability
                          policy.
8

9    17.   The Trees Agreement also requires Trees to add PG&E as an

10   Additional Insured to its Commercial General Liability Insurance policies:

11             10.2.3    Coverage shall: (i) By "Additional Insured"
                          endorsement add as insureds PG&E . . . with
12                        respect to liability arising out of Work
                          performed by or for the Contractor, . . . ;
13                        (ii) Be endorsed to specify that the
                          Contractor's insurance is primary and that
14                        any insurance or self-insurance maintained by
                          PG&E shall not contribute with it; and
15                        (iii) contain a severability of interest
                          clause. . . .
16

17   The Trees Agreement does not specify or limit the insurance policies to which

18   PG&E is to be added as an "Additional Insured" nor does it cap or otherwise limit

19   the amount of insurance to be afforded to PG&E as an "Additional Insured."

20        18.   Thus, the Trees Agreement imposes upon Trees (i) an uncapped

21   indemnity duty, (ii) a duty to maintain at least $10,000,000 in general liability

22   insurance, without placing a specific dollar cap on the amounts of insurance that

23   Trees must maintain; and (iii) an obligation to add PG&E as an Additional Insured

24   to Trees's General Liability policies with respect to liability arising out of Trees's

25   work.

26        **THE LIBERTY MUTUAL INSURANCE POLICY**

27        19.   Liberty Mutual issued Policy No. TB2-631-004328-035 to Asplundh

28   Tree Expert Co., in effect from August 1, 2015, to August 1, 2016 (the "Liberty

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1 Mutual Policy"). A true and correct copy of what PG&E is informed and believes,

2 and on that basis alleges, are the relevant portions of the Liberty Mutual Policy is

3 attached hereto as Exhibit B and incorporated herein by reference. The Liberty

4 Mutual Policy has a per occurrence limit of $7,500,000, subject to a $5,000,000

5 deductible applicable only to indemnity claims. Pursuant to the Broad Form Named

6 Insured—Majority Interest Endorsement to the Liberty Mutual Policy, Trees is a

7 "Named Insured" under the Liberty Mutual Policy. PG&E is an "Additional

8 Insured" under the Liberty Mutual Policy pursuant to the "Blanket Additional

9 Insured" Endorsement because Trees agreed in the Trees Agreement to provide

10 liability insurance to PG&E:

> SECTION II—WHO IS AN INSURED is amended to include as
> an insured any person or organization for whom you have agreed
> in writing to provide liability insurance. . . .

Liberty Mutual Policy, Blanket Additional Insured Endorsement. The Blanket

Additional Insured Endorsement also states:

> Where the applicable written agreement requires the insured to
> provide liability insurance on a primary, excess, contingent, or
> any other basis, this policy will apply solely on the basis required
> by such written agreement and Item 4. Other Insurance of
> SECTION IV of this policy will not apply.

19 *Id.*

20     20.    The Liberty Mutual Policy obligates Liberty Mutual to "pay those sums

21 that the insured becomes legally obligated to pay as damages because of 'bodily

22 injury' or 'property damage' to which this insurance applies." *Id.,* § 1, Coverage A,

23 ¶ 1.a.

24     21.    The Liberty Mutual Policy defines "bodily injury" as

> a. Bodily injury, sickness or disease sustained by a person,
> including death resulting from any of these at any time; and

> b. Mental anguish, shock or humiliation arising out of injury
> as defined in paragraph a. above. Mental anguish means
> any type of mental or emotional illness or distress.

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1   *Id.,* Bodily Injury Redefined End.

2       22.    The Liberty Mutual Policy defines "property damage" as

3           a. Physical injury to tangible property, including all resulting
              loss of use of that property. . . . or

4
5           b. Loss of use of tangible property that is not physically
              injured. . . .

6   *Id.,* § V, ¶ 17.

7       23.    The Liberty Mutual Policy also states that Liberty Mutual "will have

8   the right and duty to defend the insured against any 'suit' seeking . . . damages"

9   because of "bodily injury" or "property damage" to which this insurance applies.

10  *Id.,* § 1, Coverage A, ¶ 1.a.

11      24.    The Liberty Mutual Policy also insures "liability for damages . . .

12  Assumed in a contract or agreement that is an 'insured contract' . . . ." *Id.,* § 1,

13  Coverage A, ¶ 2.b.  The Contractual Liability coverage specifies that

14          reasonable attorney fees and necessary litigation expenses
            incurred by or for a party other than an insured are deemed
15          to be damages because of "bodily injury" or "property
            damage", provided:

16
            (a)    Liability to such party for, or for the cost of, that party's
17                 defense has also been assumed in the same "insured
                   contract"; and

18
            (b)    Such attorney fees and litigation expenses are for defense
19                 of that party against a civil . . . proceeding in which
                   damages to which this insurance applies are alleged.

20  *Id.*

21      25.    PG&E has complied with all terms and conditions precedent contained

22  in the Liberty Mutual Policy, to the extent not waived or otherwise excused because

23  of the acts and conduct of Liberty Mutual or by operation of law.  PG&E is entitled

24  to the full benefits and protections provided by the Liberty Mutual Policy.

25      26.    Therefore, PG&E is an Additional Insured under the Liberty Mutual

26  Policy and is entitled to all benefits due thereunder.  As a result, Liberty Mutual

27  cannot favor the interests of Trees over those of PG&E.

28

7

27.     PG&E has incurred and paid amounts well in excess of the $5,000,000

deductible in the Liberty Mutual Policy in settlements in the *Butte Fire* litigation.

## THE LIBERTY UMBRELLA INSURANCE POLICY

28.     Liberty issued Policy No. TH7-631-509747-325 to Asplundh Tree

Expert Co., in effect from August 1, 2015, to August 1, 2016 (the "Liberty Policy").

A true and correct copy of what PG&E is informed and believes, and on that basis

alleges, are the relevant portions of the Liberty Policy is attached hereto as Exhibit

C and incorporated herein by reference. The Liberty Policy has a $10,000,000 per

occurrence limit. Trees is a "Named Insured" under the Liberty Policy pursuant to

Endorsement # 7, entitled "Broad Form Named Insured." PG&E is an "Additional

Insured" under the Liberty Policy pursuant to Endorsement # 3, which states that an

Insured includes  "[a]ny person or organization included as an additional insured

under the 'underlying insurance', but not for broader coverage than is provided by

the 'underlying insurance.'"  Liberty Policy, End. # 3.

29.     The Liberty Policy obligates Liberty to

pay those sums in excess of the "retained limit" that the Insured
becomes legally obligated to pay as damages because of:

(1) "Bodily injury";
(2) "Property damage" or
(3) "Personal or advertising injury";
to which this insurance applies.

*Id.*, § 1, Coverage A, ¶ 1.a.

30.     The Liberty Policy defines "Bodily injury" as

a. Bodily injury, sickness or disease sustained by a person,
including death resulting from any of these at any time; and

b. Mental anguish or injury, shock or humiliation arising out
of injury as defined in paragraph a. above.

"Bodily injury" does not include injury that falls within the definition
of "personal and advertising injury."

*Id.*, § V.3.

31.     The Liberty Policy defines "Property damage" as

a. Physical injury to tangible property, including all resulting loss of

1                use of that property. . .  or

2                b. Loss of use of tangible property that is not physically injured. . . .

3  *Id.,* § V.17.

4       32.   The Liberty Policy also obligates Liberty to

5  defend any "suit" seeking damages covered by this insurance, by counsel of our choice, when:

6

7  (1) The total applicable limits of "underlying insurance" have been exhausted by payment of judgments or settlements; or

8  (2) The damages sought because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies

9  would not be covered by "underlying insurance" or "other insurance".

10  *Id.,* End. #10.

11       33.   The Liberty Policy also insures "liability for damages: . . . assumed in a

12  contract or agreement that is an 'insured contract' . . . ." Liberty Policy, § I.2.b.

13  The Contractual Liability coverage further provides that

14  reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed

15  to be damages because of "bodily injury" or "property damage", provided:

16  (a)   Liability to such party for, or for the cost of, that party's defense

17  has also been assumed in the same "insured contract"; and

18  (b)   Such attorney fees and litigation expenses are for defense of that party against a civil . . . proceeding in which damages to  which

19  this insurance applies are alleged.

20  *Id.,* § I.2.b.(2).

21       34.   PG&E has complied with all terms and conditions precedent contained

22  in the Liberty Policy, to the extent not waived or otherwise excused because of the

23  acts and conduct of Liberty or by operation of law.  PG&E is entitled to the full

24  benefits and protections provided by the Liberty Policy.

25       35.   Therefore, PG&E is an Additional Insured under the Liberty Policy and

26  is entitled to all benefits due thereunder.  As a result, Liberty cannot favor the

27  interests of Trees over those of PG&E.

28

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

3442540

36. PG&E has incurred and paid amounts in excess of the underlying Liberty Mutual Policy's $7,500,000 limit.

### THE *BUTTE FIRE* LITIGATION

37. In 2015, Trees was responsible for tree pruning services in PG&E's service territory.

38. On or about September 9, 2015, a wildfire ignited southeast of Jackson, in Amador County. This wildfire became known as the "Butte Fire."

39. The Butte Fire spread quickly into Calaveras County, burned thousands of acres, and caused substantial property damage.

40. Beginning on September 29, 2015, or soon thereafter, PG&E was sued by multiple plaintiffs alleging that PG&E is liable for losses they sustained as a result of the Butte Fire (the "*Butte Fire* plaintiffs"). On February 7, 2016, these cases were coordinated by the Judicial Counsel of California and transferred to the Sacramento Superior Court. On May 23, 2016, the plaintiffs filed two Master Complaints in the *Butte Fire* litigation in Sacramento Superior Court, Case Number JCCP 4853. These complaints were filed on behalf of Individual Plaintiffs and, separately, Subrogation Plaintiffs (the "Master Complaints"). True and correct copies of the Master Complaints are attached as Exhibits D and E and incorporated herein by reference. All plaintiffs in the included actions have since filed Adoption Complaints in the *Butte Fire* litigation, which "adopt" all or portions of the Master Complaints.

41. The *Butte Fire* plaintiffs assert various causes of action against PG&E and Trees, including negligence, wrongful death, survival action, inverse condemnation, public nuisance, private nuisance, premises liability, trespass, violation of Public Utilities Code section 2106, and violation of Health and Safety Code section 13007. PG&E denies the *Butte Fire* plaintiffs' allegations.

42. The *Butte Fire* plaintiffs allege that on or about September 9, 2015, a tree in Trees's service territory contacted PG&E conductors. In fact, the *Butte Fire*

1 | plaintiffs specifically allege that Trees performed work that ultimately led to the
2 | ignition of the Butte Fire and that this caused the Butte Fire.

3 | **LIBERTY MUTUAL'S BREACH OF ITS DUTIES**

4 | 43.    PG&E timely notified Liberty Mutual of the *Butte Fire* litigation and
5 | PG&E's claim for coverage as an Additional Insured under the Liberty Mutual
6 | Policy.

7 | 44.    On April 8, 2016, PG&E sent a letter to Liberty Mutual "demand[ing]
8 | that Liberty Mutual defend and indemnify PG&E in the . . . *Butte Fire* litigation."

9 | 45.    On April 25, 2016, Liberty Mutual responded to PG&E's letter, stating
10 | only that PG&E's "request [for a defense and indemnity] was still under review"
11 | and that Liberty Mutual "will advise of Liberty Mutual's position in writing once a
12 | determination has been made." Liberty Mutual did not provide a substantive
13 | response to PG&E's demand.

14 | 46.    On June 3, 2016, having heard nothing further from Liberty Mutual,
15 | PG&E sent a follow-up letter to Liberty Mutual again demanding that Liberty
16 | Mutual defend and indemnify PG&E in the *Butte Fire* litigation and notifying
17 | Liberty Mutual about the upcoming mediations with certain of the plaintiffs in the
18 | *Butte Fire* litigation. PG&E asked Liberty Mutual to "confirm by June 10, 2016 that
19 | Liberty Mutual will honor its duties to PG&E under its policy, including its defense
20 | and indemnity duties, in the Butte Fire Litigation and will attend the mediations with
21 | full settlement authority."

22 | 47.    On June 14, 2016, Liberty Mutual sent a letter to PG&E
23 | acknowledging PG&E's April 8, 2016, and June 3, 2016, letters. Liberty Mutual
24 | stated, among other things, that "Liberty Mutual is further reviewing what defense
25 | and indemnity obligations may be owed to PG&E."

26 | 48.    Thereafter, PG&E entered into various settlements in the *Butte Fire*
27 | litigation. However, although Liberty Mutual never objected to PG&E entering into
28 | any of the settlements in the *Butte Fire* litigation, Liberty Mutual refused to

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1  contribute anything towards any of the settlements. Moreover, to date, Liberty

2  Mutual still has not admitted or denied coverage for, or assumed its duties to defend

3  and indemnify PG&E as to the *Butte Fire* litigation.

## LIBERTY'S BREACH OF ITS DUTIES

5  49.   PG&E timely notified Liberty of the *Butte Fire* litigation and PG&E's

6  claim for coverage as an Additional Insured under the Liberty Policy.

7  50.   On April 8, 2016, PG&E sent a letter to Liberty "demand[ing] that

8  Liberty defend and indemnify PG&E in the . . . *Butte Fire* litigation." Liberty did

9  not respond to PG&E's letter.

10  51.   On June 3, 2016, having heard nothing from Liberty, PG&E sent a

11  follow-up letter to Liberty again demanding that Liberty defend and indemnify

12  PG&E in the *Butte Fire* litigation and notifying Liberty about the upcoming

13  mediations with certain of the plaintiffs in the *Butte Fire* litigation. PG&E asked

14  Liberty to "confirm by June 10, 2016 that Liberty will honor its duties to PG&E

15  under its policy, including its defense and indemnity duties, in the Butte Fire

16  Litigation and will attend the mediations with full settlement authority."

17  52.   On July 15, 2016, PG&E sent another letter to Liberty, following up on

18  its April 8, 2016, and June 3, 2016, letters, notifying Liberty of settlements PG&E

19  entered into with various plaintiffs in the *Butte Fire* litigation, and demanding that

20  Liberty "confirm by July 29, 2016, that Liberty will honor its duties to PG&E under

21  its policy and pay the . . . settlements." PG&E also notified Liberty of additional

22  upcoming mediations with the plaintiffs in the *Butte Fire* litigation and demanded

23  that Liberty "confirm by July 25, 2016, that Liberty will honor its duties to PG&E

24  under its policy, including its defense and indemnity duties, in the Butte Fire

25  Litigation and will attend the mediations with full settlement authority." Liberty did

26  not respond to PG&E's letter. To date, Liberty has not provided a substantive

27  response to PG&E's demand for defense and indemnity for the *Butte Fire* litigation,

28  or assumed its duties to defend and indemnify PG&E as to the *Butte Fire* litigation.

## FIRST CAUSE OF ACTION

### (Breach of Contract [Duty to Defend] against Liberty Mutual)

53.     PG&E realleges and incorporates by reference herein each allegation contained in paragraphs 1 through 7, 11, 13 through 27, 37 through 48, above.

54.     The *Butte Fire* litigation seeks "damages because of [alleged] 'bodily injury' and 'property damage'" as defined in the Liberty Mutual Policy, that took place during the Liberty Mutual Policy period.

55.     Liberty Mutual has a duty to defend PG&E in the *Butte Fire* litigation. Liberty Mutual's duty to defend arose at the time of notice and continues until the final resolution of the *Butte Fire* litigation or Liberty Mutual proves exhaustion of any applicable policy limit.

56.     Liberty Mutual breached its duty to defend PG&E by failing to defend PG&E in the *Butte Fire* litigation.

57.     As a direct and proximate result of Liberty Mutual's breach of its duty to defend PG&E under the Liberty Mutual Policy, PG&E has been damaged in an amount consisting of the fees and costs that PG&E has incurred, and is incurring, in the defense of the *Butte Fire* litigation, plus interest.

## SECOND CAUSE OF ACTION

(Breach of Contract [Duty to Indemnify] against Liberty Mutual)

58.     PG&E realleges and incorporates by reference herein each allegation contained in paragraphs 1 through 7, 11, 13 through 27, 37 through 48, above.

59.     The *Butte Fire* litigation seeks "damages because of [alleged] 'bodily injury' and 'property damage'" as provided in the Liberty Mutual Policy, that took place during the Liberty Mutual Policy period.

60.     Liberty Mutual has a duty under its policy to indemnify PG&E for amounts that it is legally obligated to pay as damages, including pursuant to settlements, in the *Butte Fire* litigation.  Liberty Mutual's duty arose no later than

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

3442540

1   the time that PG&E became legally obligated to pay such damages in excess of the

2   Liberty Mutual Policy's $5,000,000 deductible.

3        61.   Liberty Mutual breached its duty to indemnify PG&E in the *Butte Fire*

4   litigation by failing and refusing to pay any portion of the settlements in the *Butte*

5   *Fire* litigation. As a direct and proximate cause of Liberty Mutual's breach of its

6   duty to indemnify PG&E, PG&E has been damaged in the amount of $2,500,000,

7   plus interest.

## THIRD CAUSE OF ACTION

### (Tortious Breach of the Implied Covenant of Good Faith
### and Fair Dealing against Liberty Mutual)

11        62.   PG&E realleges and incorporates by reference herein each allegation

12   contained in paragraphs 1-7, 11, 13-27, 37-48,  54-56, and 60, above.

13        63.   Implied in the Liberty Mutual Policy is a covenant that Liberty Mutual

14   would act in good faith and deal fairly with PG&E, that Liberty Mutual would do

15   nothing to interfere with PG&E's rights to receive benefits due under the Liberty

16   Mutual Policy, and that Liberty Mutual would give at least the same level of

17   consideration to PG&E's interests as it gives its own interests.  Instead of complying

18   with these duties, Liberty Mutual acted in bad faith by, among other things,

19       •  Failing to conduct a full and thorough investigation of the *Butte Fire*

20          litigation and facts surrounding the dispute;

21       •  Failing to fully inquire into all possible bases that might support

22          coverage for PG&E for the *Butte Fire* litigation;

23       •  Unreasonably refusing to reimburse PG&E for any defense costs

24          incurred in its defense of the *Butte Fire* litigation;

25       •  Unreasonably refusing to pay or reimburse PG&E for any of the

26          settlements in the *Butte Fire* litigation;

27       •  Failing to timely and properly communicate with PG&E, including by

28          failing to admit or deny coverage for the *Butte Fire* litigation within 40

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3518

3442540

1   days of receiving notice of the *Butte Fire* litigation and failing to

2   respond to PG&E every 30 days thereafter, all as required by the

3   California Code of Regulations (10 Cal. Code. Regs. §2695.7(b) &

4   (c)(1)); and

5   • Otherwise acting as alleged above.

6   64.   In breach of the implied covenant of good faith and fair dealing,

7   Liberty Mutual did the things and committed the acts alleged above for the purpose

8   of consciously withholding from PG&E the rights and benefits to which PG&E is

9   entitled under the Liberty Mutual Policy and without considering PG&E's interests

10  at least to the same extent as it considered its own interests.

11  65.   Liberty Mutual's acts are inconsistent with PG&E's reasonable

12  expectations, are contrary to insurance industry custom and practice, are contrary to

13  legal requirements, and constitute bad faith.

14  66.   As a direct and proximate result of Liberty Mutual's acts, PG&E has

15  been damaged in an amount in excess of the Court's jurisdictional limits.  These

16  damages include the defense fees and costs and the settlements that Liberty Mutual

17  is obligated to pay PG&E under the Liberty Mutual Policy.  Also, pursuant to

18  *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), PG&E is entitled to recover all

19  attorneys' fees and expenses that it reasonably has incurred, and is incurring, in its

20  efforts to obtain the benefits due under the Liberty Mutual Policy that Liberty

21  Mutual wrongfully has withheld, and is withholding, in bad faith.  PG&E also is

22  entitled to interest.

23  67.   Liberty Mutual's conduct is despicable and has been done with a

24  conscious disregard of PG&E's rights, constituting oppression, fraud, and/or malice.

25  Liberty Mutual has engaged in a series of acts designed to deny PG&E the benefits

26  due under the Liberty Mutual Policy.  Specifically, Liberty Mutual, by acting as

27  alleged above, in light of information, facts, and relevant law to the contrary,

28  consciously disregarded PG&E's rights and forced PG&E to incur substantial

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1  financial losses, without any assistance from it, thereby inflicting substantial

2  financial damage on PG&E.  Liberty Mutual ignored PG&E's interests and

3  concerns, with the requisite intent to injure, and acted fraudulently, within the

4  meaning of California Civil Code section 3294.  Therefore, PG&E is entitled to

5  recover punitive damages from Liberty Mutual in an amount sufficient to punish and

6  to make an example of Liberty Mutual in order to deter similar conduct.

7  ### FOURTH CAUSE OF ACTION

8  ### (Breach of Contract [Duty to Indemnify] against Liberty)

9      68.    PG&E realleges and incorporates by reference herein each allegation

10  contained in paragraphs 1-2, 8-11, 13-18, 28-42, 49-52, above.

11      69.    The *Butte Fire* litigation seeks "damages because of [alleged] 'Bodily

12  Injury' [or] 'property damage'" as defined in the Liberty Policy, that took place

13  during the Liberty Policy period.

14      70.    Liberty has a duty under its policy to indemnify PG&E for amounts

15  that it is legally obligated to pay as damages, including pursuant to settlements, in

16  the *Butte Fire* litigation.  Liberty's duty arose no later than the time that PG&E

17  became legally obligated to pay such damages in excess of the Liberty Mutual

18  Policy's $7,500,000 limit.

19      71.    Liberty breached its duty to indemnify PG&E in the *Butte Fire*

20  litigation by failing and refusing to pay any portion of the settlements in the *Butte*

21  *Fire* litigation.  As a direct and proximate cause of Liberty's breach of its duty to

22  indemnify PG&E, PG&E has been damaged in the amount of $10,000,000, plus

23  interest.

24  ### FIFTH CAUSE OF ACTION

25  ### (Tortious Breach of the Implied Covenant of Good Faith

26  ### and Fair Dealing against Liberty)

27      72.    PG&E realleges and incorporates by reference herein each allegation

28  contained in paragraphs 1-2, 8-11, 13-18, 28-42, 49-52, 69-71 above.

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

73.     Implied in the Liberty Policy is a covenant that Liberty would act in good faith and deal fairly with PG&E, that Liberty would do nothing to interfere with PG&E's rights to receive benefits due under the Liberty Policy, and that Liberty would give at least the same level of consideration to PG&E's interests as it gives its own interests.  Instead of complying with these duties, Liberty acted in bad faith by, among other things,

- Failing to conduct a full and thorough investigation of the *Butte Fire* litigation and facts surrounding the dispute;

- Failing to fully inquire into all possible bases that might support coverage for the *Butte Fire* litigation;

- Unreasonably refusing to pay or reimburse PG&E for any of the settlements in the *Butte Fire* litigation;

- Failing to timely and properly communicate with PG&E, including by failing to admit or deny coverage for the *Butte Fire* litigation within 40 days of receiving notice of the *Butte Fire* litigation and failing to respond to PG&E every 30 days thereafter, all as required by the California Code of Regulations (10 Cal. Code. Regs. §2695.7(b) & (c)(1));  and

- Otherwise acting as alleged above.

74.     In breach of the implied covenant of good faith and fair dealing, Liberty did the things and committed the acts alleged above for the purpose of consciously withholding from PG&E the rights and benefits to which PG&E is entitled under the Liberty Policy and without considering PG&E's interests at least to the same extent as it considered its own interests.

75.     Liberty's acts are inconsistent with PG&E's reasonable expectations, are contrary to insurance industry custom and practice, are contrary to legal requirements, and constitute bad faith.

76.     As a direct and proximate result of Liberty's acts, PG&E has been damaged in an amount in excess of the Court's jurisdictional limits.  These damages include the amounts that Liberty should have, but has not, paid pursuant to its duty to indemnify PG&E.  Also, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), PG&E is entitled to recover all attorneys' fees and expenses that it reasonably has incurred, and is incurring, in its efforts to obtain the benefits due under the Liberty Policy that Liberty wrongfully has withheld, and is withholding, in bad faith.  PG&E also is entitled to interest.

77.     Liberty's conduct is despicable and has been done with a conscious disregard of PG&E's rights, constituting oppression, fraud, and/or malice.  Liberty has engaged in a series of acts designed to deny PG&E the benefits due under the Liberty Policy.  Specifically, Liberty, by acting as alleged above, in light of information, facts, and relevant law to the contrary, consciously disregarded PG&E's rights and forced PG&E to incur substantial financial losses, without any assistance from it, thereby inflicting substantial financial damage on PG&E.  Liberty ignored PG&E's interests and concerns, with the requisite intent to injure, and acted fraudulently, within the meaning of California Civil Code section 3294.  Therefore, PG&E is entitled to recover punitive damages from Liberty in an amount sufficient to punish and to make an example of Liberty Mutual in order to deter similar conduct.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief Against Liberty)

78.     PG&E realleges and incorporates by reference herein each allegation contained in paragraphs 1-2, 8-11, 13-42, 49-52  above.

79.     The Liberty Policy obligates Liberty to defend PG&E when, "[t]he total applicable limits of 'underlying insurance' have been exhausted by payment of judgments or settlements . . . ." *Id.*, End. #10.

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3518

1    80.    PG&E is informed and believes, and on that basis alleges, that Liberty

2  disputes its duty to defend PG&E with respect to the *Butte Fire* litigation.

3  Therefore, an actual and justiciable controversy exists between PG&E and Liberty

4  concerning the matters alleged herein.

5    81.    PG&E therefore seeks a judicial declaration as to Liberty's duty to

6  defend it once the applicable limits of the Liberty Mutual policy have been

7  exhausted by payment of judgments or settlements, confirming that Liberty has such

8  a duty to defend PG&E.

9    82.    This declaration is necessary at this time in order that the parties'

10  dispute may be resolved and that they may be aware of their respective rights and

11  duties.

12            **SEVENTH CAUSE OF ACTION**

13      **(Declaratory Relief against Trees and Liberty Mutual)**

14    83.    PG&E realleges and incorporates by reference herein each allegation

15  contained in paragraphs 1-7, 11, 13-27, 37-48  above.

16    84.    PG&E is informed and believes, and on that basis alleges, that Trees

17  and Liberty Mutual dispute that PG&E is entitled to insurance coverage for the

18  *Butte Fire* litigation as an "Additional Insured" under the Liberty Mutual Policy.

19    85.    PG&E therefore seeks a judicial declaration as to Liberty Mutual's

20  duties to PG&E under the Liberty Mutual Policy, including the duties to defend and

21  indemnify PG&E under the Liberty Mutual Policy, confirming that PG&E's

22  contentions, as stated above, are correct.

23    86.    PG&E also seeks a declaration that, given PG&E's status as an

24  Additional Insured under the Liberty Mutual Policy, Liberty Mutual cannot favor

25  Trees's interests under the Liberty Mutual Policy above PG&E's interests.

26    87.    These declarations are necessary at this time in order that the parties'

27  dispute may be resolved and that they may be aware of their respective rights and

28  duties.

LINER LLP
1100 Glendon Avenue I 14th Floor
Los Angeles, CA 90024.3518

1

2

**EIGHTH CAUSE OF ACTION**

**(Declaratory Relief against Trees and Liberty)**

3    88.    PG&E realleges and incorporates by reference herein each allegation

4 contained in paragraphs 1-2, 8-11, 13-18, 28-42, 49-52  above.

5    89.    PG&E is informed and believes, and on that basis alleges, that Trees

6 and Liberty dispute that PG&E is entitled to insurance coverage for the *Butte Fire*

7 litigation as an "Additional Insured" under the Liberty Policy.  Therefore, an actual

8 and justiciable controversy exists between PG&E and Liberty concerning the

9 matters alleged herein.

10    90.    PG&E therefore seeks a judicial declaration as to Liberty's duties to

11 PG&E under the Liberty Policy, including the duty to defend and indemnify PG&E

12 under the Liberty Policy, confirming that PG&E's contentions, as stated above, are

13 correct.

14    91.    PG&E also seeks a declaration that, given PG&E's status as an

15 Additional Insured under the Liberty Policy, Liberty cannot favor Trees's interests

16 under the Liberty Policy above PG&E's interests.

17    92.    A declaration is necessary at this time in order that the parties' dispute

18 may be resolved and that they may be aware of their respective rights and duties.

19

20

**NINTH CAUSE OF ACTION**

**(Declaratory Relief Against Does 1-10)**

21    93.    PG&E realleges and incorporates by reference herein each allegation

22 contained in paragraphs 1-2, 11-18, 37-42 above.

23    PG&E is informed and believes, and on that basis alleges, that Does 1 through

24 10 dispute that PG&E is entitled to insurance coverage for the *Butte Fire* litigation.

25 Therefore, an actual and justiciable controversy exists between PG&E and Does 1

26 through 10 concerning the matters alleged herein.

27    94.    PG&E therefore seeks a judicial declaration as to the duties of Does 1

28 through 10, including the duty to defend PG&E under their policies, confirming that

1   PG&E's contentions, as stated above, are correct. A declaration is necessary at this

2   time in order that the parties' dispute may be resolved and that they may be aware of

3   their respective rights and duties.

### PRAYER

5   WHEREFORE, PG&E  prays for judgement as follows:

### ON THE FIRST CAUSE OF ACTION

7   1.      For damages, plus interest, according to proof at the time of trial;

### ON THE SECOND CAUSE OF ACTION

9   2.      For damages, plus interest, according to proof at the time of trial;

### ON THE THIRD CAUSE OF ACTION

11   3.      For damages, plus interest, according to proof at the time of trial;

### ON THE FOURTH CAUSE OF ACTION

13   4.      For damages, plus interest, according to proof at the time of trial;

14   5.      For reasonable attorneys' fees and expenses, incurred in obtaining the

15   benefits due under the Liberty Mutual Policy, plus interest;

16   6.      For punitive damages in an amount to be determined at the time of trial;

### ON THE FIFTH CAUSE OF ACTION

18   7.      For damages, plus interest, according to proof at the time of trial;

19   8.      For reasonable attorneys' fees and expenses, incurred in obtaining the

20   benefits due under the Liberty Policy, plus interest;

21   9.      For punitive damages in an amount to be determined at the time of trial;

### ON THE SIXTH THROUGH NINTH CAUSES OF ACTION

23   10.     For declarations in accord with PG&E's contentions stated above;

### ON ALL CAUSES OF ACTION

25   11.     For costs of suit incurred herein; and

26   12.     For such other, further, and/or different relief as may be just and

27   proper.

28

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1  Dated:  November 28, 2016          LINER LLP

2

3

4                                      By: _____

5                                           Kirk A. Pasich
                                             Sandra Smith Thayer
6                                            Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3518

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

Dated:  November 28, 2016          LINER LLP


By: _____
    Kirk A. Pasich
    Sandra Smith Thayer
    Attorneys for Plaintiffs



# Exhibit A



Contract — Long Form

# Contract (Long Form)

This is a Contract between the below named Contractor ("Contractor"), a Delaware corporation, and Pacific Gas and Electric Company ("PG&E"), a California corporation with its headquarters located at 77 Beale Street, San Francisco, California 94105.

| Contractor's Legal Name: | TREES, INCORPORATED | PG&E Contract No. 4400009030 |
|---|---|---|
| Contractor's Address: | 650 N. Sam Houston Parkway E Houston, TX 77060 | This Contract consists of 140 pages. |

| Project Name: | Distribution Tree Pruning and Tree and Brush Removal and Reliability Tree Pruning |
|---|---|
| Job Location: | The Vegetation Management Program Manager Areas identified below and other locations in the PG&E service area, as mutually agreed: |
| | Distribution Tree Pruning Work: Central Valley (Stockton and Fresno areas) |
| | Reliability Tree Pruning: Central Valley (Stockton and Fresno areas) |

WORK: Contractor shall, at its own risk and expense, perform the Work described in this Contract and furnish all labor, equipment, and materials necessary to complete the Work as summarized below and as more fully described in Specification No. 5404 Scope of Work. This is not an exclusive Contract. This Contract does not guarantee Contractor any Work nor is there any guarantee as to any volume or duration of Work.

1) Contractor shall perform Distribution and Reliability Tree Pruning and Tree and Brush Removal in accordance with Specification No.5404, dated August 1, 2014. In consideration of the recitals, terms, covenants and conditions herein, the parties agree that Contract Number 4400009030 be established. The parties further agree that this Contract supersedes MSA 4400004205, effective 04/30/2010, which are hereby terminated by mutual agreement.

ATTACHMENTS: Each of the following documents is attached to this Contract and incorporated herein by this reference:

Attachment 1: Supplemental Terms and Conditions (5 pages)
Attachment 2: Specification 5404 (46 pages)
Attachment 3: Specification 5404 Exhibits (51 pages)
Attachment 4: General Conditions (31 pages)
Attachment 5: Pricing Sheet (6 pages)

| CONTRACT TERM: | This Contract is effective upon signature by both parties and expires on 12/31/2019. |
|---|---|
| COMPLETION: | Contractor shall commence performance hereof when directed to do so by PG&E. Work shall be completed by the completion date of 12/31/2019. Time is of the essence. |
| INSURANCE: | Contractor shall maintain insurance in accordance with Section 10 of the General Conditions. |
| TERMS OF PAYMENT: | In accordance with Section 7 of the General Conditions. |

CONSIDERATION: As full consideration for satisfactory performance of the Work by Contractor, PG&E's total obligation to Contractor shall not exceed the following amount. This amount is inclusive of all taxes incurred in the performance of the Work. Any change to this amount shall only be authorized in writing by a PG&E Contract Change Order, fully executed by both PG&E and Contractor.

TOTAL: The Sum of all Pricing specified on duly authorized Vegetation Management Work Requests.

THE PARTIES, BY SIGNATURE OF THEIR AUTHORIZED REPRESENTATIVES, HEREBY AGREE TO THE TERMS OF THIS CONTRACT.

| Signature | | Signature | |
|---|---|---|---|
| Name | Gun Shim | Name | Scott Heilmaster |
| Title | Vice President, Supply Chain | Title | Vice President |
| Date | 9.25.14 | Date | 09/19/2014 |

{00145724.DOCX;1}62-4073 (9/28/11)                    Sourcing

Tree Trimming; Tree and Brush Removal Inside 10 Feet of Energized Line
08/01/2014 kbw4

Contract 4400009030
Attachment 4: General Conditions
Trees, Incorporated
Page 11 of 31

changes shall, at PG&E's option, be based on unit prices, fixed prices, or time and material prices quoted by Contractor in its Proposal.

9.  INDEMNIFICATION, WITHHOLDING, LIMITATION OF LIABILITY, CLAIMS

9.1   INDEMNIFICATION

9.1.1   To the maximum extent permitted by applicable law, Contractor shall indemnify, hold harmless and defend PG&E, its affiliates, officers, managers, directors, agents, and employees, from and against all claims, demands, losses, damages, costs, expenses, and liability (legal, contractual, or otherwise), which arise from or are in any way connected with any:  (i) injury to or death of persons, including but not limited to employees of PG&E or Contractor;(ii) injury to property or other interests of PG&E, Contractor, or any third party; (iii) violation of a local, state, or federal common law, statute or regulation, including but not limited to environmental laws or regulations; or (iv) strict liability imposed by any law or regulation; so long as such injury, violation, or strict liability (as set forth in (i) – (iv) above) arises from or is in any way connected with Contractor's performance of, or failure to perform, this Contract, however caused, regardless of any strict liability or negligence of PG&E, whether active or passive, excepting only such loss, damage, cost, expense, liability, strict liability, or violation of law or regulation as is caused by (a) the sole negligence or willful misconduct of PG&E, its affiliates, officers, managers, directors, agents or employees; or (b) by such injury to property (as set forth in (ii) above) resulting from the pre-inspecting party's failure to give adequate notice or obtain prior written permission of the property owner as required by this Contract, where pre-inspection was performed by a third party and Contractor was not responsible under the Contract to notify property owner or obtain a property owner's prior written permission; or (c) by PG&E's written directions to Contractor not to perform Work modifications proposed in writing by Contractor in accordance with the Specific Conditions, provided that Contractor was performing Work that had been pre-inspected by a third party, had timely and properly notified PG&E that the Work prescribed on the PG&E work request form should be modified; had timely and properly documented the recommended modification on the PG&E work request form; and had timely and properly submitted the PG&E work request form, noting recommended modifications in writing, to the PG&E Representative.

9.1.2   Contractor acknowledges that any claims, demands, losses, damages, costs, expenses, and liability that arises from or are in any way connected with the release or spill of any legally designated Hazardous Material or Waste and arises from or is in any way connected with the Work performed under this Contract, are expressly within the scope of this indemnity. Likewise, the costs, expenses, and legal liability for environmental investigations, monitoring, containment, abatement, removal, repair, cleanup, restoration, remedial work, penalties, and fines arising from strict liability or the violation of any local, state, or federal law or regulation, attorney's fees, disbursements, and other response costs incurred as a result of such releases or spills are expressly within the scope of this indemnity.

9.1.3   Contractor shall, on PG&E's request, defend any action, claim, or suit asserting a claim which might be covered by this indemnity. Contractor shall pay all costs and expenses that may be incurred by PG&E in enforcing this indemnity, including reasonable attorney's fees.

9.1.4   To the extent necessary, each party was represented by counsel in the negotiation and execution of this Contract.

9.2   CLAIMS PROCEDURE

9.2.1   REPORTS: Contractor shall report to PG&E's Representative each case of injury to or death of person or injury to property immediately after knowledge of the occurrence. This condition shall be included in all Subcontracts.

9.2.2   CONTRACTOR'S RESPONSIBILITY: Contractor shall make every effort to promptly acknowledge and satisfactorily settle, within a reasonable time after it arises or occurs, any loss, damage, expense, or liability for which Contractor is responsible under this Contract.

9.2.3   Contractor shall promptly resolve, at Contractor's expense, all claims for private property

Tree Trimming; Tree and Brush Removal Inside 10 Feet of Energized Line
08/01/2014 kbw4

Contract 4400009030
Attachment 4: General Conditions
Trees, Incorporated
Page 12 of 31

damage or loss caused by Contractor.

9.3    TAX WITHHOLDING:  Contractor represents and warrants that it will withhold all taxes, if any, which are required to be withheld under applicable law with respect to payments to persons hired by Contractor who perform services for PG&E.  Contractor shall indemnify and hold PG&E harmless, on an after-tax basis, for any liability incurred by PG&E as a result of Contractor's failure to institute any such required withholding.

9.4    INFRINGEMENT PROTECTION:  Contractor represents to PG&E that the Work to be performed, and the materials prepared or used, under this Contract will not infringe upon the copyright, patent or license, or otherwise violate the proprietary rights, including trade secret rights, of any person or entity.  Contractor agrees to indemnify and hold PG&E harmless from any suit, demand or claim made against PG&E alleging any such infringement or violation.  In addition to the foregoing, if there is such a claim, Contractor agrees at PG&E's option to either procure for PG&E the right to continue using the material, replace the material with non-infringing material or modify it so it becomes non-infringing, or remove the item and refund the applicable portion of the Contract price; provided, however that the replaced or modified material shall be equal to that contracted for hereunder and satisfactory to PG&E.  Contractor further agrees to pay any judgment or reasonable settlement offer resulting from a suit, demand or claim, and pay any reasonable attorney's fees incurred by PG&E in defense against such suit.

9.5    WITHHOLDING

   9.5.1   PG&E may withhold from payment due Contractor hereunder such amounts as, in PG&E's opinion, are reasonably necessary to provide security against loss, damage, expense, and liability covered by the indemnity provision set forth above.  Thereafter, PG&E may, if Contractor fails to settle any loss, damage, expense, or liability, take over the adjustment thereof and settle it for such sum as in PG&E's discretion is deemed reasonable and pay the sum from the monies withheld. This payment shall be deemed and treated as though made directly to Contractor as payment for Contractor's performance under this Contract.

   9.5.2   If PG&E settles the loss, damage, expense, and liability for less than the amount of monies which it has previously withheld from monies otherwise due Contractor, PG&E shall pay to Contractor the balance over and above the amount of such settlements but not until all known or reasonably anticipated matters for which Contractor is responsible have been properly settled or terminated.

9.6    LIMITATION OF LIABILITY:  TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, PG&E SHALL NOT BE LIABLE UNDER ANY CIRCUMSTANCES, WHETHER IN CONTRACT, TORT, EQUITY, OR OTHERWISE, FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL, PUNITIVE, OR EXEMPLARY DAMAGES, EVEN IF SUCH DAMAGES ARE FORESEEABLE, AND REGARDLESS OF WHETHER OR NOT PG&E HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS OR UNRECOVERED OVERHEAD AND, UNLESS EXPRESSLY AUTHORIZED IN ADVANCE IN WRITING AND SPECIFICALLY ASSUMED BY PG&E, COMMITMENTS TO THIRD PARTIES, SUCH AS SUBCONTRACTS, RENTAL OR LEASE AGREEMENT(S), AND PERSONAL SERVICES CONTRACTS.

10. INSURANCE

Contractor shall maintain the following insurance coverage. Contractor is also responsible for its Subcontractors maintaining sufficient limits of the same insurance coverage.

10.1    WORKERS' COMPENSATION AND EMPLOYERS' LIABILITY

   10.1.1   Workers' Compensation insurance or self-insurance indicating compliance with any applicable labor codes, acts, laws, or statutes, state or federal, including LS&H and Jones Act, where Contractor performs Work.

   10.1.2   Employers' Liability insurance shall not be less than $1,000,000 for injury or death per accident.

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sandra Smith Thayer SBN 200294<br>Liner LLP<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA  90024-3503<br>TELEPHONE NO.: 310.500.3500      FAX NO. *(Optional):* 310.500.3501<br>E-MAIL ADDRESS *(Optional):* sthayer@linerlaw.com<br>ATTORNEY FOR *(Name):* Pacific Gas & Electric Company | **FILED**<br>*San Francisco County Superior Court*<br>**NOV 28 2016**<br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA  94102-4514
BRANCH NAME: Civic Center Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: Pacific Gas & Electric Company | CASE NUMBER: **CGC 16-555539** |
| DEFENDANT/RESPONDENT: Liberty Mutual Fire Insurance Company | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Pacific Gas & Electric Company v. Trees, Inc., et al. (Coord Proc. CRC 3.550, "Butte Fire Cases")

    b.  Case number: JCCP 4853

    c.  Court: ☐  same as above

             ☒  other state or federal court *(name and address):* Superior Court of California, County of Sacramento

    d.  Department: 42

    e.  Case type: ☐ limited civil ☒  unlimited civil ☐  probate ☐  family law ☐  other *(specify):*

    f.  Filing date: 9/29/2015

    g.  Has this case been designated or determined as "complex?" ☐  Yes ☐  No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

        ☒  involves the same parties and is based on the same or similar claims.

        ☐  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☒  involves claims against, title to, possession of, or damages to the same property.

        ☐  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐  Additional explanation is attached in attachment 1h

    i.  Status of case:

        ☒  pending

        ☐  dismissed ☐  with ☐  without prejudice

        ☐  disposed of by judgment

2.  a.  Title:

    b.  Case number:

    c.  Court: ☐  same as above

             ☐  other state or federal court *(name and address):*

    d.  Department:

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

FAXED

CM-015

| PLAINTIFF/PETITIONER:   Pacific Gas & Electric Company | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Liberty Mutual Fire Insurance Company | |

2. *(continued)*

　　e. Case type:　☐　limited civil　☐　unlimited civil　☐　probate　☐　family law　☐　other *(specify):*

　　f. Filing date:

　　g. Has this case been designated or determined as "complex?"　☐　Yes　☐　No

　　h. Relationship of this case to the case referenced above *(check all that apply):*

　　　　☐　involves the same parties and is based on the same or similar claims.

　　　　☐　arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

　　　　☐　involves claims against, title to, possession of, or damages to the same property.

　　　　☐　is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

　　　　　　☐　Additional explanation is attached in attachment 2h

　　i. Status of case:

　　　　☐　pending

　　　　☐　dismissed　☐　with　☐　without prejudice

　　　　☐　disposed of by judgment

3.　a. Title:

　　b. Case number:

　　c. Court:　☐　same as above

　　　　　　☐　other state or federal court *(name and address):*

　　d. Department:

　　e. Case type:　☐　limited civil　☐　unlimited civil　☐　probate　☐　family law　☐　other *(specify):*

　　f. Filing date:

　　g. Has this case been designated or determined as "complex?"　☐　Yes　☐　No

　　h. Relationship of this case to the case referenced above *(check all that apply):*

　　　　☐　involves the same parties and is based on the same or similar claims.

　　　　☐　arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

　　　　☐　involves claims against, title to, possession of, or damages to the same property.

　　　　☐　is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

　　　　　　☐　Additional explanation is attached in attachment 3h

　　i. Status of case:

　　　　☐　pending

　　　　☐　dismissed　☐　with　☐　without prejudice

　　　　☐　disposed of by judgment

4.　☐　Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: November 28, 2016

Sandra Smith Thayer

_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶　_____
(SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

American LegalNet, Inc.
www.FormsWorkflow.com

CM-015

| PLAINTIFF/PETITIONER:  Pacific Gas & Electric Company | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Liberty Mutual Fire Insurance Company | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*


2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐  deposited the sealed envelope with the United States Postal Service.

   b. ☐  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a.  on *(date):*

   b.  from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a.  Name of person served:                   c.  Name of person served:

       Street address:                              Street address:

       City:                                        City:

       State and zip code:                          State and zip code:


   b.  Name of person served:                   d.  Name of person served:

       Street address:                              Street address:
       City:                                        City:
       State and zip code:                          State and zip code:

☐   Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____              _____
(TYPE OR PRINT NAME OF DECLARANT)                  (SIGNATURE OF DECLARANT)

American LegalNet, Inc.
www.FormsWorkflow.com

CASE NUMBER: CGC-16-555539  PACIFIC GAS & ELECTRIC COMPANY, A CALIFORNIA VS. LI

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **MAY-03-2017** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

1  Kirk A. Pasich (SBN 94242)
2  Sandra Smith Thayer (SBN 200294)
   Anamay Carmel  (SBN 298080)
   LINER LLP
3  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
4  Telephone:  (310) 500-3500
   Facsimile:  (310) 500-3501
5
   Attorneys for Plaintiff
6

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**12/09/2016**
**Clerk of the Court**
BY:VANESSA WU
**Deputy Clerk**

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **FOR THE COUNTY OF SAN FRANCISCO**

9

10  PACIFIC GAS & ELECTRIC
    COMPANY, a California corporation,
11
                    Plaintiff,
12
            vs.
13
    LIBERTY MUTUAL FIRE
14  INSURANCE COMPANY, a
    Massachusetts company; LIBERTY
15  INSURANCE CORPORATION, a
    Vermont corporation; TREES, Inc., a
16  Delaware  corporation; and DOES 1
    through 10,
17
                    Defendants.
18

Case No.  CGC 16-555539

*[Assigned to Hon. John K. Stewart,*
*Department 610]*

**PLAINTIFF'S NOTICE OF FILING**
**PROOFS OF SERVICE**

Complaint filed:  November 28, 2016
Trial Date:  None Set

19

20      **TO THE HONORABLE COURT AND ALL PARTIES:**

21          **PLEASE TAKE NOTICE** that, on November 29, 2016, Plaintiff  Pacific

22  Gas & Electric Company served Defendants Liberty Mutual Fire Insurance

23  Company, Liberty Insurance Corporation, and Trees, Inc. with the Summons,

24  Complaint, Civil Case Cover Sheet, Notice of Related Case, and Notice to Plaintiff.

25  Copies of the Proofs of Service are attached hereto as Exhibits A, B, and C,

26  respectively.

27          **PLEASE TAKE FURTHER NOTICE** that, on November 28, 2016, the

28  Court issued a Notice setting the Case Management Conference for May 3, 2017, at

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1    10:30 a.m. in Department 610 of the San Francisco Superior Court, located at 400

2    McAllister Street, San Francisco, CA 94102-3680.  A true and correct copy of the

3    Court's November 28, 2016, Notice is attached hereto as Exhibit D.

4

5    Dated:  December 8, 2016         LINER LLP

6

7                              By:

8                                  Sandra Smith Thayer

9                                  Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| SANDRA SMITH THAYER, BAR #200294<br>LINER LLP<br>1100 GLENDON AVENUE<br>14TH FLOOR<br>LOS ANGELES, CA 90024<br>Telephone No: 310-500-3500 | | |
| Attorney for: Plaintiff | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:

San Francisco County Superior Court - Civic Center Courthouse

Plaintiff: PACIFIC GAS & ELECTRIC COMPANY, ETC.

Defendant: LIBERTY MUTUAL FIRE INSURANCE COMPANY, ETC., ET AL.

| **PROOF OF SERVICE<br>SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC 16-555539 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF RELATED CASE; NOTICE TO PLAINTIFF.

3. a. *Party served:*  LIBERTY MUTUAL FIRE INSURANCE COMPANY, A MASSACHUSETTS COMPANY

   b. *Person served:*  BECKY DEGEORGE, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT.

4. *Address where the party was served:*  2710 GATEWAY OAKS DRIVE
SUITE 150N
SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue., Nov. 29, 2016 (2) at: 10:30AM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:*  LIBERTY MUTUAL FIRE INSURANCE COMPANY, A MASSACHUSETTS COMPANY
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*
   a. Michael Morris

   **First Legal**
   1814 "I" Street
   Sacramento, CA 95814
   Telephone   (916) 444-5111
   Fax         (916) 443-3111
   www.firstlegalnetwork.com

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*  $430.25
   e. I am: (3) registered California process server
      *(i)* Independent Contractor
      *(ii) Registration No.:*  2012-33
      *(iii) County:*  Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:*  Fri, Dec. 02, 2016

                                                              (Michael Morris)

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>SUMMONS & COMPLAINT | 3199815  .linllp.857981 |
|---|---|---|

# EXHIBIT B

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| SANDRA SMITH THAYER, BAR #200294<br>LINER LLP<br>1100 GLENDON AVENUE<br>14TH FLOOR<br>LOS ANGELES, CA  90024<br>Telephone No: 310-500-3500 | | |
| Attorney for: Plaintiff | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:

San Francisco County Superior Court - Civic Center Courthouse

Plaintiff: PACIFIC GAS & ELECTRIC COMPANY, ETC.

Defendant: LIBERTY MUTUAL FIRE INSURANCE COMPANY, ETC., ET AL.

| **PROOF OF SERVICE<br>SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC 16-555539 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF RELATED CASE; NOTICE TO PLAINTIFF.

3. a. *Party served:*  LIBERTY INSURANCE CORPORATION, A VERMONT CORPORATION
   b. *Person served:*  BECKY DEGEORGE, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT.

4. *Address where the party was served:*  2710 GATEWAY OAKS DRIVE
   SUITE 150N
   SACRAMENTO, CA  95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue., Nov. 29, 2016 (2) at: 10:30AM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   on behalf of:  LIBERTY INSURANCE CORPORATION, A VERMONT CORPORATION
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                            Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Michael Morris

   **First Legal**
   1814 "I" Street
   Sacramento, CA 95814
   Telephone      (916) 444-5111
   Fax             (916) 443-3111
   www.firstlegalnetwork.com

   d. *The Fee for Service was:*   $37.00

   e. I am: (3)  registered California process server
      (i)   Independent Contractor
      (ii)  *Registration No.:*   2012-33
      (iii) *County:*          Sacramento

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:  Fri, Dec. 02, 2016

# EXHIBIT C

| Attorney or Party without Attorney: | | | | | For Court Use Only |
|---|---|---|---|---|---|
| SANDRA SMITH THAYER, BAR #200294 LINER LLP 1100 GLENDON AVENUE 14TH FLOOR LOS ANGELES, CA 90024 Telephone No: 310-500-3500 | | | | | |

*Attorney for:* Plaintiff | *Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
San Francisco County Superior Court - Civic Center Courthouse

*Plaintiff:* PACIFIC GAS & ELECTRIC COMPANY, ETC.
*Defendant:* LIBERTY MUTUAL FIRE INSURANCE COMPANY, ETC., ET AL.

| **PROOF OF SERVICE SUMMONS & COMPLAINT** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* CGC 16-555539 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF RELATED CASE; NOTICE TO PLAINTIFF.

3. a. *Party served:*     TREES, INC., A DELAWARE CORPORATION
    b. *Person served:*     DAISY MONTENEGRO, PROCESS SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT

4. *Address where the party was served:*     818 WEST SEVENTH STREET SUITE 930 LOS ANGELES, CA 90017

5. *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue., Nov. 29, 2016 (2) at: 2:55PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
    *on behalf of:* TREES, INC., A DELAWARE CORPORATION
    Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*     Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. DOUG FORREST     d. *The Fee for Service was:* $345.50

    e. I am: (3) registered California process server
      (i) Independent Contractor
      (ii) Registration No.: 5141
      (iii) County: Los Angeles

First Legal
1511 West Beverly Blvd.
Los Angeles, CA 90026
Telephone (213) 250-9111
Fax (213) 250-1197
www.firstlegalnetwork.com

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date: *Wed, Nov. 30, 2016*

    (DOUG FORREST)

Judicial Council Form POS-010     PROOF OF SERVICE
Rule 2.150.(a)&(b) Rev January 1, 2007     SUMMONS & COMPLAINT     3199820 .linllp.857870

# EXHIBIT D

CASE NUMBER: CGC-16-555539  PACIFIC GAS & ELECTRIC COMPANY, A CALIFORNIA V.S

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|  |  |
|---|---|
| **DATE:** | **MAY-03-2017** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
|  | **400 McAllister Street** |
|  | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

# PROOF OF SERVICE

*Pacific Gas & Electric Company v. Liberty Mutual Fire Ins. Co., et al.*
San Francisco Superior Court Case No. CGC 16-555539

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, CA 90024.3518.

On December 9, 2016, I served true copies of the following document(s) described as **PLAINTIFF'S NOTICE OF FILING PROOFS OF SERVICE** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Liner LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 9, 2016, at Los Angeles, California.

_____
Katherine V. Hardie

47620.003-3561358v1

1

## SERVICE LIST

2

*Pacific Gas & Electric Company v. Liberty Mutual Fire Ins. Co., et al.*
San Francisco Superior Court Case No. CGC 16-555539

3

4

5    CSC Lawyers Incorporating Service              *Registered Agent for*
     Attn: Becky DeGeorge                           *Liberty Mutual Fire Insurance Company*
6    2710 Gateway Oaks Drive                        *and Liberty Insurance Corporation*
     Suite 150N
7    Sacramento, CA 95833

8

9    CT Corporation System                          *Registered Agent for Trees, Inc.*
     Attn:  Daisy Montenegro, Process Specialist
10   818 West Seventh Street
     Suite 930
11   Los Angeles, CA  90017

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

    I am employed by Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. in the County of San Francisco, California.  I am over the age of 18 and not a party to the within action.  My business address is 44 Montgomery Street, 36th Floor, San Francisco, CA 94104.  On December 28, 2016, I served the foregoing document described as:

**NOTICE OF REMOVAL**

By placing a true copy into a sealed envelope addressed and served on the parties listed below:

| | |
|---|---|
| Kirk A. Pasich<br>Sandra Smith<br>Anamay Carmel<br>LINER LLP<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA  90024-3503<br>Tel: (310) 500-3500<br>Fax: (310) 500-3501 | Attorneys for Plaintiff<br>PACIFIC GAS & ELECTRIC<br>COMPANY |
| John N. Ellison<br>Shruti D. Engstrom<br>REED SMITH LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA  94105<br>Tel: (415) 543-8700<br>Fax: (415) 391 8269 | Attorneys for Defendant<br>TREES, INC. |

☒    **VIA OVERNIGHT DELIVERY.**  On the date set forth below, I placed the document(s) for overnight delivery in a box or location regularly maintained by FedEx at my office, or I delivered the documents to an authorized courier or driver authorized by FedEx to receive documents.  The package was placed in a sealed envelope or package designated by FedEx with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above, as last given by that person on any document filed in the cause; otherwise at that party's place of residence.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed on December 28, 2016, at San Francisco, California.

_____
Regina Abdul-Rahim