1  RANDY W. GIMPLE (SBN 129705)
   A. DAVID BONA (SBN 209605)
2  AARON P. SHAPIRO (SBN 263399)
   CARLSON, CALLADINE & PETERSON LLP
3  353 Sacramento Street, 16th Floor
   San Francisco, CA  94111
4  Telephone: (415) 391-3911
   Facsimile: (415) 391-3898
5  Email: rgimple@ccplaw.com
          dbona@ccplaw.com
6          ashapiro@ccplaw.com

7  JOHN N. ELLISON (appearance *pro hac vice*)
   SHRUTI D. ENGSTROM (appearance *pro hac vice*)
8  REED SMITH LLP
9  Three Logan Square
   1717 Arch Street, Suite 3100
10 Philadelphia, PA  19103
   Telephone:  (215) 851-8100
11 Facsimile:  (215) 851-1420
   jellison@reedsmith.com
12 sengstrom@reedsmith.com

13 Attorneys for Defendant
   TREES, INC.
14

15

16                UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                  SAN FRANCISCO DIVISION

| | |
|---|---|
| 19  PACIFIC GAS & ELECTRIC COMPANY, a California corporation, | Case No.:          3:16-cv-07365-JD |
| 20                          Plaintiff, | Case Assigned to Judge James Donato Courtroom 11 |
| 21            vs. | **DEFENDANT TREES, INC.'S ANSWER** |
| 22  LIBERTY MUTUAL FIRE INSURANCE | **AND AFFIRMATIVE DEFENSES TO** |
|     COMPANY, a Massachusetts corporation; | **FIRST AMENDED COMPLAINT FOR** |
| 23  LIBERTY INSURANCE CORPORATION, | **BREACH OF CONTRACT; IMPLIED** |
|     a Vermont corporation; TREES, INC., a | **COVENANT OF GOOD FAITH AND FAIR** |
| 24  Delaware corporation; and DOES 1 through | **DEALING; AND DECLARATORY RELIEF** |
| 25  10, | |
|                          Defendants. | |
| 26 | |

27

28

Plaintiff Pacific Gas & Electric Company ("PG&E") filed its First Amended Complaint for Breach of Contract; Implied Covenant of Good Faith and Fair Dealing; and Declaratory Relief (the "Amended Complaint"), and Defendant Trees, Inc. ("Trees"), by and through its undersigned counsel, hereby answers PG&E's Amended Complaint as follows:

## **NATURE OF THIS LAWSUIT**

1.    Admitted in part; denied in part. Trees admits that it is a contractor for PG&E and that a Commercial General Liability insurance policy was issued to Trees by defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") and that a Commercial Liability Umbrella insurance policy was issued to Trees by defendant Liberty Insurance Corporation ("Liberty"). To the extent the allegations in Paragraph 1 constitute legal conclusions as to PG&E's status as an additional insured and Liberty Mutual's actions, no response is required. Trees further denies PG&E's allegations concerning the *Butte Fire* litigation as the complaints in that matter speak for themselves. Trees denies PG&E's characterizations of the agreement between Trees and PG&E ("Trees Agreement"), which is a document that speaks for itself. To the extent the allegations in Paragraph 1 concern ACRT, Inc.'s ("ACRT") conduct, Trees lacks knowledge or information sufficient to form a belief about the truth of those allegations in Paragraph 1, and the same are therefore denied

2.    Admitted in part; denied in part. Trees admits that a Commercial General Liability insurance policy was issued to Trees by defendant Liberty Mutual and that a Commercial Liability Umbrella insurance policy was issued to Trees by defendant Liberty. To the extent the allegations in Paragraph 2 constitute legal conclusions as to PG&E's status as an additional insured and Liberty Mutual's actions, no response is required.

3.    Trees denies PG&E's allegations concerning the *Butte Fire* litigation as the complaints in that matter speak for themselves. To the extent the allegations in Paragraph 3 constitute legal conclusions, no response is required. To the extent the allegations in Paragraph 3 concern ACRT's conduct, Trees lacks knowledge or information sufficient to form a belief about the truth of those allegations in Paragraph 3, and the same are therefore denied.

**JURISDICTION AND VENUE**

4.     Denied. To the extent the allegations in Paragraph 4 constitute legal conclusions, no response is required.

5.     Admitted in part; denied in part. Trees admits it does business in this District. To the extent the allegations in Paragraph 4 constitute legal conclusions, no response is required.

6.     Admitted in part; denied in part. Trees admits that some events or omissions giving rise to plaintiff's claims occurred in this district, but denies that venue is proper.

**THE PARTIES**

7.     Admitted.

8.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Amended Complaint, and the same are therefore denied.

9.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Amended Complaint, and the same are therefore denied.

10.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Amended Complaint, and the same are therefore denied.

11.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Amended Complaint, and the same are therefore denied.

12.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Amended Complaint, and the same are therefore denied.

13.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Amended Complaint, and the same are therefore denied.

14.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Amended Complaint, and the same are therefore denied.

15.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Amended Complaint, and the same are therefore denied.

16.     Admitted.

17.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Amended Complaint, and the same are therefore denied.

## THE TREES AGREEMENT

18.     Denied.     The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 18 that are not consistent with the Trees Agreement.  To the extent that the allegations contained in Paragraph 18 constitute legal conclusions, no response is required.

19.     Denied.     The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 19 that are not consistent with the Trees Agreement.  To the extent that the allegations contained in Paragraph 19 constitute legal conclusions, no response is required.

20.     Denied.     The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 20 that are not consistent with the Trees Agreement.  To the extent that the allegations contained in Paragraph 20 constitute legal conclusions, no response is required.

21.     Denied.     The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 21 that are not consistent with the Trees Agreement.  To the extent that the allegations contained in Paragraph 21 constitute legal conclusions, no response is required.

22.     Admitted in part; denied in part.  Trees admits it had $207,500,000 in general liability insurance during the relevant time period.  As to the remaining allegations, the Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 22 that are not consistent with the Trees Agreement.  To the extent that the allegations contained in Paragraph 22 constitute legal conclusions, no response is required.

23.     Denied.     The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 23 that are not consistent with the Trees Agreement.  To the extent that the allegations contained in Paragraph 23 constitute legal conclusions, no response is required.

DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY

24.     Denied. The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 24 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 24 constitute legal conclusions, no response is required.

25.     Denied. The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 25 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 25 constitute legal conclusions, no response is required.

## THE ACRT AGREEMENT

26.     Denied. The ACRT Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 26 that are not consistent with the ACRT Agreement. To the extent that the allegations contained in Paragraph 26 constitute legal conclusions, no response is required.

27.     Denied. The ACRT Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 27 that are not consistent with the ACRT Agreement. To the extent that the allegations contained in Paragraph 27 constitute legal conclusions, no response is required.

28.     Denied. The ACRT Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 28 that are not consistent with the ACRT Agreement. To the extent that the allegations contained in Paragraph 28 constitute legal conclusions, no response is required.

29.     Denied. The ACRT Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 29 that are not consistent with the ACRT Agreement. To the extent that the allegations contained in Paragraph 29 constitute legal conclusions, no response is required.

30.     Denied. The ACRT Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 30 that are not consistent with the ACRT Agreement. With respect to the allegation that ACRT purchased $20,000,000 in

general liability insurance during the relevant time period, Trees lacks knowledge or information sufficient to form a belief about the truth of these allegations, and the same are therefore denied. To the extent that the allegations contained in Paragraph 30 constitute legal conclusions, no response is required.

31.     Denied. The ACRT Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 31 that are not consistent with the ACRT Agreement.  To the extent that the allegations contained in Paragraph 31 constitute legal conclusions, no response is required.

32.     Denied. The ACRT Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 32 that are not consistent with the ACRT Agreement.  To the extent that the allegations contained in Paragraph 32 constitute legal conclusions, no response is required.

## THE LIBERTY MUTUAL INSURANCE POLICY

33.     Admitted in part; denied in part.  It is admitted that Liberty Mutual issued Policy No. TB2-631-004328-035 to the Asplundh Tree Expert Co. and that it was in effect from August 1, 2015, to August 1, 2016 (the "Liberty Mutual Policy").  It is admitted that Trees is a subsidiary of Asplundh Tree Expert Co.  The remainder of the allegations in Paragraph 33 are denied.  The Liberty Mutual Policy and Trees Agreement speak for themselves and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 33 that are not consistent with the Liberty Mutual Policy or Trees Agreement.  To the extent that the allegations in Paragraph 33 constitute legal conclusions, no response is required.

34.     Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 34 that are not consistent with the Liberty Mutual Policy.

35.     Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 35 that are not consistent with the Liberty Mutual Policy.

DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY

36.     Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 36 that are not consistent with the Liberty Mutual Policy.

37.     Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 37 that are not consistent with the Liberty Mutual Policy.

38.     Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 38 that are not consistent with the Liberty Mutual Policy.

39.     Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 39 that are not consistent with the Liberty Mutual Policy.  To the extent the allegations contained in Paragraph 39 constitute legal conclusions, no response is required.

40.     Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 40 that are not consistent with the Liberty Mutual Policy.  To the extent the allegations contained in Paragraph 40 constitute legal conclusions, no response is required.

41.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Amended Complaint, and the same are therefore denied.

### THE LIBERTY UMBRELLA INSURANCE POLICY

42.     Admitted in part; denied in part.  It is admitted that Liberty Insurance Corporation ("Liberty") issued Policy No. TH7-631-509747-325 to the Asplundh Tree Expert Co., in effect from August 1, 2015, to August 1, 2016 (the "Liberty Policy"). It is admitted that Trees is a subsidiary of Asplundh Tree Expert Co.  The remainder of the allegations in Paragraph 42 are denied.  The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 42 that are not consistent with the Liberty Policy.  To the extent that the allegations in Paragraph 42 constitute legal conclusions, no response is required.

43.     Denied.     The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 43 that are not consistent with the Liberty Policy.    To the extent that the allegations in Paragraph 43 constitute legal conclusions, no response is required.

44.     Denied.     The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 44 that are not consistent with the Liberty Policy.    To the extent that the allegations in Paragraph 44 constitute legal conclusions, no response is required.

45.     Denied.     The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 45 that are not consistent with the Liberty Policy.    To the extent that the allegations in Paragraph 45 constitute legal conclusions, no response is required.

46.     Denied.     The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 46 that are not consistent with the Liberty Policy.    To the extent that the allegations in Paragraph 46 constitute legal conclusions, no response is required.

47.     Denied.     The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 47 that are not consistent with the Liberty Policy.    To the extent that the allegations in Paragraph 47 constitute legal conclusions, no response is required.

48.     Denied.     The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 48 that are not consistent with the Liberty Policy.    To the extent that the allegations in Paragraph 48 constitute legal conclusions, no response is required.

49.     Denied.     The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 49 that are not consistent with the Liberty Policy.    To the extent that the allegations in Paragraph 49 constitute legal conclusions, no response is required.

DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY

50.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Amended Complaint, and the same are therefore denied.

## THE BUTTE FIRE LITIGATION

51.     Admitted.

52.     Admitted.

53.     Admitted in part; denied in part.  Trees admits on or around September 29, 2015, multiple plaintiffs sued Trees, PG&E and ACRT for losses stemming from the Butte Fire  Trees admits that on or around February 7, 2016, those cases were coordinated by the Judicial Counsel of California and transferred to the Sacramento County Superior Court.  Trees also admits that on or around May 23, 2016, the Butte Fire plaintiffs filed two Master Complaints on behalf of Individual Plaintiffs and the Subrogation Plaintiffs in Sacramento County Superior Court, Case Number JCCP 4853.  To the extent the remaining allegations in Paragraph 53 refer to the complaints in those actions, the complaints speak for themselves and PG&E's characterizations thereof are denied.  To the extent the remaining allegations in Paragraph 53 constitute legal conclusions, no response is required.

54.     Denied.  The *Butte Fire* complaints are documents that speak for themselves, and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 54 that are inconsistent with the Amended Complaints.

55.     Denied.  It is denied that Trees was responsible for tree pruning services in all of PG&E's service territory.  Trees lacks knowledge or information sufficient to form a belief about ACRT's responsibility for vegetation management and pre-inspection services in PG&E's service territory, and the same are therefore denied. As to the remaining allegations, the *Butte Fire* complaints are documents that speak for themselves, and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 55 that are inconsistent with the *Butte Fire* complaints.

## LIBERTY MUTUAL'S BREACH OF ITS DUTIES

56.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Amended Complaint and the same are therefore denied. To

the extent that the allegations contained in Paragraph 56 constitute legal conclusions, no response is required.

57.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Amended Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 57 constitute legal conclusions, no response is required.

58.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Amended Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 58 constitute legal conclusions, no response is required.

59.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Amended Complaint and the same are therefore denied.  To the extent that the allegations contained in Paragraph 59 constitute legal conclusions, no response is required.

60.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Amended Complaint and the same are therefore denied.  To the extent that the allegations contained in Paragraph 60 constitute legal conclusions, no response is required.

61.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Amended Complaint and the same are therefore denied.  To the extent that the allegations contained in Paragraph 61 constitute legal conclusions, no response is required.

62.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Amended Complaint and the same are therefore denied.  To the extent that the allegations contained in Paragraph 62 constitute legal conclusions, no response is required.

63.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Amended Complaint and the same are therefore denied. To

DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY

the extent that the allegations contained in Paragraph 63 constitute legal conclusions, no response is required.

**LIBERTY'S BREACH OF ITS DUTIES**

64.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Amended Complaint and the same are therefore denied.  To the extent that the allegations contained in Paragraph 64 constitute legal conclusions, no response is required.

65.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Amended Complaint and the same are therefore denied.  To the extent that the allegations contained in Paragraph 65 constitute legal conclusions, no response is required.

66.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Amended Complaint and the same are therefore denied.  To the extent that the allegations contained in Paragraph 66 constitute legal conclusions, no response is required.

67.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Amended Complaint and the same are therefore denied.  To the extent that the allegations contained in Paragraph 67 constitute legal conclusions, no response is required.

68.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Amended Complaint and the same are therefore denied.  To the extent that the allegations contained in Paragraph 68 constitute legal conclusions, no response is required.

**TREES' BREACH OF ITS DUTIES**

69.     Admit in part; deny in part.  It is admitted that PG&E sent correspondence to Trees on November 19, 2015.  The November 19, 2015 correspondence is a document which speaks for itself, and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 69 that are not consistent with the document.

70. Admit in part, deny in part. It is admitted that Trees sent correspondence to PG&E on November 23, 2015. The November 23, 2015 correspondence is a document which speaks for itself, and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 70 that are not consistent with the document.

71. Admit in part, deny in part. It is admitted that PG&E sent correspondence to Trees on February 19, 2016. The February 19, 2016 correspondence is a document which speaks for itself, and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 71 that not consistent with the document.

72. Denied. The Trees Agreement speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 72 that are not consistent with the Trees Agreement. With respect to the allegations regarding Trees' insurers' conduct, Trees lacks knowledge or information sufficient to form a belief about the truth of those allegations in Paragraph 72, and the same are therefore denied. To the extent that the allegations in Paragraph 72 constitute legal conclusions, no response is required.

## ACRT'S BREACH OF ITS DUTIES

73. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and the same are therefore denied.

74. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and the same are therefore denied.

75. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, and the same are therefore denied.

76. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76, and the same are therefore denied.

77. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77, and the same are therefore denied.

78. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78, and the same are therefore denied.

**DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY**

79. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79, and the same are therefore denied.

**FIRST CAUSE OF ACTION—BREACH OF CONTRACT [DUTY TO DEFEND] AGAINST LIBERTY MUTUAL**

80. Trees realleges and incorporates by reference its responses to paragraphs 1-6, 8-12, 16, 18-25, 33-41, 51-55, 56-63 and 69-72.

81. The first cause of action as set forth in paragraph 81 is directed against other defendants and requires no response from Trees.

82. The first cause of action as set forth in paragraph 82 is directed against other defendants and requires no response from Trees.

83. The first cause of action as set forth in paragraph 83 is directed against other defendants and requires no response from Trees.

84. The first cause of action as set forth in paragraph 84 is directed against other defendants and requires no response from Trees.

**SECOND CAUSE OF ACTION—BREACH OF CONTRACT [DUTY TO DEFEND] AGAINST LIBERTY MUTUAL**

85. Trees realleges and incorporates by reference its responses to paragraphs 1-6, 8-12, 16, 18-25, 33-41, 51-55, 56-63 and 69-72.

86. The second cause of action as set forth in paragraph 86 is directed against other defendants and requires no response from Trees.

87. The second cause of action as set forth in paragraph 87 is directed against other defendants and requires no response from Trees.

88. The second cause of action as set forth in paragraph 88 is directed against other defendants and requires no response from Trees.

**THIRD CAUSE OF ACTION—TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST LIBERTY MUTUAL**

89. Trees realleges and incorporates by references is paragraphs 1-6, 8-12, 16, 18-25, 33-41, 51-55, 56-63, 69-72, 81-84, and 86-88.

13

1   90.     The third cause of action set as forth in paragraph 90 is directed against other
2   defendants and requires no response from Trees.

3   91.     The third cause of action as set forth in paragraph 91 is directed against other
4   defendants and requires no response from Trees.

5   92.     The third cause of action as set forth in paragraph 92 is directed against other
6   defendants and requires no response from Trees.

7   93.     The third cause of action as set forth in paragraph 93 is directed against other
8   defendants and requires no response from Trees.

9   94.     The third cause of action as set forth in paragraph 94 is directed against other
10  defendants and requires no response from Trees.

11  **FOURTH CAUSE OF ACTION—BREACH OF CONTRACT [DUTY TO INDEMNIFY]**
12  **AGAINST LIBERTY**

13  95.     Trees realleges and incorporates by reference its responses to paragraphs 1-6, 13-
14  16, 18-25, 42-50, 51-55, 64-68 and 69-72.

15  96.     The fourth cause of action as set forth in paragraph 96 is directed against other
16  defendants and requires no response from Trees.

17  97.     The fourth cause of action as set forth in paragraph 97 is directed against other
18  defendants and requires no response from Trees.

19  98.     The fourth cause of action as set forth in paragraph 98 is directed against other
20  defendants and requires no response from Trees.

21  **FIFTH CAUSE OF ACTION—TORTIOUS BREACH OF THE IMPLIED COVENANT**
22  **OF GOOD FAITH AND FAIR DEALING AGAINST LIBERTY**

23  99.     Trees realleges and incorporates by reference its responses to paragraphs 1-6, 13-
24  16, 18-25, 42-50, 51-55, 64-68, 69-72 and 96-98.

25  100.    The fifth cause of action as set forth in paragraph 100 is directed against other
26  defendants and requires no response from Trees.

27  101.    The fifth cause of action as set forth in paragraph 101 is directed against other
28  defendants and requires no response from Trees.

**DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY**

102.     The fifth cause of action as set forth in paragraph 102 is directed against other defendants and requires no response from Trees.

103.     The fifth cause of action as set forth in paragraph 103 is directed against other defendants and requires no response from Trees.

104.     The fifth cause of action as set forth in paragraph 104 is directed against other defendants and requires no response from Trees.

**SIXTH CAUSE OF ACTION—DECLARATORY RELIEF AGAINST LIBERTY**

105.     Trees realleges and incorporates by reference its responses to paragraphs 1-6, 13-16, 18-25, 42-50, 51-55, 64-68, 69-72, 96-98 and 100-104.

106.     The sixth cause of action as set forth in paragraph 106 is directed against other defendants and requires no response from Trees.

107.     The sixth cause of action as set forth in paragraph 107 is directed against other defendants and requires no response from Trees.

108.     The sixth cause of action as set forth in paragraph 108 is directed against other defendants and requires no response from Trees.

109.     The sixth cause of action as set forth in paragraph 109 is directed against other defendants and requires no response from Trees.

**SEVENTH CAUSE OF ACTION—DECLARATORY RELIEF AGAINST TREES AND LIBERTY MUTUAL**

110.     Trees realleges and incorporates by reference its responses to paragraphs 1-6, 8-12, 16, 18-25, 33-41, 51-55, 56-63, 69-72, 81-84 and 86-88.

111.     Trees lacks knowledge or information sufficient to form a belief about the truth of PG&E's beliefs as alleged in Paragraph 111 of the Amended Complaint.  To the extent that the remainder of allegations contained in Paragraph 111 constitute legal conclusions, no response is required.

112.     Denied.  The allegations contained in Paragraph 112 constitute legal conclusions, and therefore no response is required.

**DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY**

113.    Denied.  The allegations contained in Paragraph 113 constitute legal conclusions, and therefore no response is required.

114.    Denied.  The allegations contained in Paragraph 114 constitute legal conclusions, and therefore no response is required.

### EIGHTH CAUSE OF ACTION—DECLARATORY RELIEF AGAINST TREES AND LIBERTY

115.    Trees realleges and incorporates by reference its responses to paragraphs 1-6, 13-15, 18-25, 42-50, 51-55, 64-68, 69-72, 96-98 and 100-104.

116.    Trees lacks knowledge or information sufficient to form a belief about the truth of PG&E's beliefs as alleged in Paragraph 116 of the Amended Complaint.  To the extent that the remainder of allegations contained in Paragraph 116 constitute legal conclusions, no response is required.

117.    Denied.  The allegations contained in Paragraph 117 constitute legal conclusions, and therefore no response is required.

118.    Denied.  The allegations contained in Paragraph 118 constitute legal conclusions, and therefore no response is required.

119.    Denied.  The allegations contained in Paragraph 119 constitute legal conclusions, and therefore no response is required.

### NINTH CAUSE OF ACTION –BREACH OF CONTRACT [CONTRACTUAL DUTY TO INDEMNIFY] AGAINST TREES

120.    Trees realleges and incorporates by reference its responses to paragraphs 1-6, 16, 18-25, 51-55, 69-72, 111-114 and 116-119.

121.    Denied. The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 121 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 121 constitute legal conclusions, no response is required.

122.    Denied.  The allegations contained in Paragraph 122 constitute legal conclusions, and therefore no response is required.

16

123.    Denied.  The _Butte Fire_ complaints are documents that speak for themselves, and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 123 that are inconsistent with the complaints.

124.    Denied.  The allegations contained in Paragraph 124 constitute legal conclusions, and therefore no response is required.

125.    Admit in part; deny in part.  It is admitted that PG&E has settled claims.  PG&E's characterizations of Trees' actions are denied.  To the extent the allegations in Paragraph 125 constitute legal conclusions, no response is required.

126.    Denied.  The allegations contained in Paragraph 126 constitute legal conclusions, and therefore no response is required.

127.    Denied.  The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 127 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 127 constitute legal conclusions, no response is required.

## TENTH CAUSE OF ACTION–BREACH OF CONTRACT [CONTRACTUAL DUTY TO DEFEND] AGAINST TREES

128.    Trees realleges and incorporates by reference its responses to paragraphs 1-6, 16, 18-25, 51-55, 69-72, 111-114 and 116-119.

129.    Denied.  The allegations contained in Paragraph 129 constitute legal conclusions, and therefore no response is required.

130.    Denied.  The _Butte Fire_ complaints are documents that speak for themselves, and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 130 that are inconsistent with the complaints.

131.    Denied.  Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 131 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 131 constitute legal conclusions, no response is required.

DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY

132.  Denied.  The allegations contained in Paragraph 132 constitute legal conclusions, and therefore no response is required.

133.  Denied.  The allegations contained in Paragraph 133 constitute legal conclusions, and therefore no response is required.

134.  Denied.  The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 134 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 134 constitute legal conclusions, no response is required.

## ELEVENTH CAUSE OF ACTION – DECLARATORY RELIEF
## AGAINST TREES

135.  Trees realleges and incorporates by reference its responses to paragraphs 1-6, 16, 18-25, 51-55, 69-72, 111-114, 116-119, 121-127 and 129-134.

136.  Denied.  The allegations contained in Paragraph 136 constitute legal conclusions, and therefore no response is required.

137.  Denied.  The allegations contained in Paragraph 137 constitute legal conclusions, and therefore no response is required.

138.  Denied.  The allegations contained in Paragraph 138 constitute legal conclusions, and therefore no response is required.

139.  Denied.  The allegations contained in Paragraph 139 constitute legal conclusions, and therefore no response is required.

140.  Denied.  The allegations contained in Paragraph 140 constitute legal conclusions, and therefore no response is required.

141.  Denied.  The allegations contained in Paragraph 141 constitute legal conclusions, and therefore no response is required.

## TWELFTH CAUSE OF ACTION - BREACH OF CONTRACT
## [PERFORMANCE] AGAINST TREES

142.  Trees realleges and incorporates by reference its responses to paragraphs 1-6, 16, 18-25, 51-55, 69-72, 111-114, 116-119, 121-127, 129-134 and 136-141.

DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY

143. Denied. The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 143 or above that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 144 constitute legal conclusions, no response is required.

144. Denied. The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 144 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 144 constitute legal conclusions, no response is required.

145. Denied. The allegations contained in Paragraph 145 constitute legal conclusions, and therefore no response is required.

146. Denied. The allegations contained in Paragraph 146 constitute legal conclusions, and therefore no response is required.

147. Denied. The allegations contained in Paragraph 146 constitute legal conclusions, and therefore no response is required.

148. Denied. The allegations contained in Paragraph 146 constitute legal conclusions, and therefore no response is required.

## THIRTEENTH CAUSE OF ACTION – BREACH OF CONTRACT
## [INSURANCE] AGAINST TREES

149. Trees realleges and incorporates by reference its responses to paragraphs 1-6, 8-16, 18-25, 33-72, 111-114, 116-119, 121-127, 129-134, 136-141 and 143-148.

150. Denied. The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 150 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 150 constitute legal conclusions, no response is required.

151. Denied. The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 151 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 151 constitute legal conclusions, no response is required.

DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY

152.    Denied. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 152, and the same are therefore denied.  To the extent allegations constitute legal conclusions no response is required.

153.    Denied.   The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 153 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 153 constitute legal conclusions, no response is required.

154.    Denied.  The allegations contained in Paragraph 154 constitute legal conclusions, and therefore no response is required.

155.    Denied.  The allegations contained in Paragraph 155 constitute legal conclusions, and therefore no response is required.

156.    Denied.   The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 156 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 156 constitute legal conclusions, no response is required.

## FOURTEENTH CAUSE OF ACTION – BREACH OF CONTRACT
## [CONTRACTUAL DUTY TO INDEMNIFY] AGAINST ACRT

157.    Trees realleges and incorporates by reference its responses to paragraphs 1-6, 17, 26-32, 51-55 and 73-79.

158.    The fourteenth cause of action as set forth in paragraph 158 is directed against other defendants and requires no response from Trees.

159.    The fourteenth cause of action as set forth in paragraph 159 is directed against other defendants and requires no response from Trees.

160.    The fourteenth cause of action as set forth in paragraph 160 is directed against other defendants and requires no response from Trees.

161.    The fourteenth cause of action as set forth in paragraph 161 is directed against other defendants and requires no response from Trees.

DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY

162. The fourteenth cause of action as set forth in paragraph 162 is directed against other defendants and requires no response from Trees.

163. The fourteenth cause of action as set forth in paragraph 163 is directed against other defendants and requires no response from Trees.

164. The fourteenth cause of action as set forth in paragraph 164 is directed against other defendants and requires no response from Trees.

## FIFTEENTH CAUSE OF ACTION – BREACH OF CONTRACT
## [CONTRACTUAL DUTY TO DEFEND] AGAINST ACRT

165. Trees realleges and incorporates by reference its responses to paragraphs 1-6, 17, 26-32, 51-55, 73-79 and 158-164.

166. The fifteenth cause of action as set forth in paragraph 166 is directed against other defendants and requires no response from Trees.

167. The fifteenth cause of action as set forth in paragraph 167 is directed against other defendants and requires no response from Trees.

168. The fifteenth cause of action as set forth in paragraph 168 is directed against other defendants and requires no response from Trees.

169. The fifteenth cause of action as set forth in paragraph 169 is directed against other defendants and requires no response from Trees.

170. The fifteenth cause of action as set forth in paragraph 170 is directed against other defendants and requires no response from Trees.

171. The fifteenth cause of action as set forth in paragraph 107 is directed against other defendants and requires no response from Trees.

## SIXTEENTH CAUSE OF ACTION – DECLARATORY RELIEF
## AGAINST ACRT

172. Trees realleges and incorporates by reference its responses to paragraphs 1-6, 17, 26-32, 51-55, 73-79 and 158-171.

173. The sixteenth cause of action as set forth in paragraph 173 is directed against other defendants and requires no response from Trees.

174.     The sixteenth cause of action as set forth in paragraph 174 is directed against other defendants and requires no response from Trees.

175.     The sixteenth cause of action as set forth in paragraph 175 is directed against other defendants and requires no response from Trees.

176.     The sixteenth cause of action as set forth in paragraph 176 is directed against other defendants and requires no response from Trees.

177.     The sixteenth cause of action as set forth in paragraph 177 is directed against other defendants and requires no response from Trees.

178.     The sixteenth cause of action as set forth in paragraph 178 is directed against other defendants and requires no response from Trees.

## SEVENTEENTH CAUSE OF ACTION – BREACH OF CONTRACT [PERFORMANCE] AGAINST ACRT

179.     Trees realleges and incorporates by reference its responses to paragraphs 1-6, 17, 26-32, 51-55, 73-79, 158-164, 166-171 and 173-178.

180.     The seventeenth cause of action as set forth in paragraph 180 is directed against other defendants and requires no response from Trees.

181.     The seventeenth cause of action as set forth in paragraph 181 is directed against other defendants and requires no response from Trees.

182.     The seventeenth cause of action as set forth in paragraph 182 is directed against other defendants and requires no response from Trees.

183.     The seventeenth cause of action as set forth in paragraph 183 is directed against other defendants and requires no response from Trees.

184.     The seventeenth cause of action as set forth in paragraph 184 is directed against other defendants and requires no response from Trees.

185.     The seventeenth cause of action as set forth in paragraph 185 is directed against other defendants and requires no response from Trees.

DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY

**EIGHTEENTH CAUSE OF ACTION – BREACH OF CONTRACT**

**[INSURANCE] AGAINST ACRT**

186.    Trees realleges and incorporates by reference its responses to paragraphs 1-6, 17, 26-32, 51-55, 73-79, 158-164, 166-171, 173-178 and 181-186.

187.    The eighteenth cause of action as set forth in paragraph 187 is directed against other defendants and requires no response from Trees.

188.    The eighteenth cause of action as set forth in paragraph 188 is directed against other defendants and requires no response from Trees.

189.    The eighteenth cause of action as set forth in paragraph 189 is directed against other defendants and requires no response from Trees.

190.    The eighteenth cause of action as set forth in paragraph 190 is directed against other defendants and requires no response from Trees.

191.    The eighteenth cause of action as set forth in paragraph 191 is directed against other defendants and requires no response from Trees.

192.    The eighteenth cause of action as set forth in paragraph 192 is directed against other defendants and requires no response from Trees.

193.    The eighteenth cause of action as set forth in paragraph 193 is directed against other defendants and requires no response from Trees.

**PRAYER FOR RELIEF**

WHEREFORE, Trees hereby demands the entry of judgment in its favor and against Plaintiff PG&E on all of the claims in the complaint, together with an award of interest, costs, attorney fees, and such other and further relief that the Court deems appropriate.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

1.    PG&E's Amended Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

2.    PG&E is not entitled to relief sought in the Amended Complaint, because PG&E,

by reason of its conduct waived any right to assert the claims contained therein.

**Third Affirmative Defense**

3.      Some or all of PG&E's claims for coverage and/or indemnity are barred to the extent PG&E may have settled underlying lawsuits without cooperating with Trees.

**Fourth Affirmative Defense**

4.      Some or all of PG&E's claims for coverage and/or indemnity are barred to the extent PG&E may have settled underlying lawsuits without Trees' consent.

**Fifth Affirmative Defense**

5.      Some or all of PG&E's claims for coverage and/or indemnity are barred as voluntary payments for amounts which are unreasonable under the circumstances of the underlying lawsuits.

**Sixth Affirmative Defense**

6.      PG&E is precluded from pursing any insurance purchased by Trees before exhausting its own insurance or available other insurance that is has chosen not to pursue.

**Seventh Affirmative Defense**

7.      PG&E is not entitled to the relief sought in the Amended Complaint because PG&E, by reason of its conduct, is estopped from asserting the claims contained therein.

**Eighth Affirmative Defense**

8.      PG&E's claims are barred in whole or in part by its failure to use reasonable means to prevent and mitigate its alleged damages.

**Ninth Affirmative Defense**

9.      PG&E cannot prove any facts showing that Trees' conduct was a substantial factor in causing any of the injuries or damages as alleged in the Amended Complaint.

**Tenth Affirmative Defense**

10.     PG&E's Amended Complaint fails to join necessary and indispensable parties.

11.     PG&E's eighteenth cause of action is against ACRT for Breach of Contract (Insurance).

**DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY**

12.     In paragraph 189 of its Amended Complaint, PG&E alleges that "ACRT's general liability insurers have either denied coverage or reserved their rights to deny coverage for PG&E's claim as an Additional Insured under their policies for the Butte Fire litigation …"

13.     PG&E has failed to add such insurance companies as parties to this action, and such insurance companies are necessary and indispensable to this action.

14.     In addition, PG&E is a named insured on insurance policies issued to PG&E. PG&E has failed to add such insurance companies as parties to this action, and such insurance companies are necessary and indispensable to this action.

### Eleventh Affirmative Defense

15.     Some or all of Plaintiff's alleged claims and/or remedies are not available based on the doctrine of abstention.

16.     Under the *Colorado River* doctrine, a federal court may dismiss a suit due to the presence of a concurrent state proceeding based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976); *see also* Nakash v. Marciano, 882 F.2d 1411, 1415 -17 (9th Cir. 1989) (affirming stay of federal suit that was "substantially similar" to state action).

17.     On January 10, 2017, PG&E filed a first amended cross-complaint in the <u>*Butte Fire*</u> litigation in California state court (the "Cross-Complaint"), bringing claims against Trees and ACRT.  A true and correct copy of the Cross-Complaint is attached hereto as Exhibit A.

18.     In its Cross-Complaint, PG&E brought claims against Trees and ACRT for contractual indemnity, contractual duty to defend, declaratory relief, breach of contract, breach of contract (insurance).

**DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY**

19.     PG&E's cross claims against Trees in the *Butte Fire* litigation Cross-Complaint are duplicative of PG&E's claims against Trees in this action.  In particular, the following claims in the respective pleadings are substantially the same:

| *Butte Fire* litigation Cross-Complaint | This action |
| --- | --- |
| FIRST CROSS-CLAIM<br><br>(Cause of Action Against TREES for Contractual Indemnity) | NINTH CAUSE OF ACTION<br><br>(Breach of Contract [Contractual Duty to Indemnify] against Trees) |
| THIRD CROSS-CLAIM<br><br>(Cause of Action Against TREES for Contractual Duty to Defend) | TENTH CAUSE OF ACTION<br><br>(Breach of Contract [Contractual Duty to Defend] against Trees) |
| FIFTH CROSS-CLAIM<br><br>(Cause of Action Against Trees for Declaratory Relief) | ELEVENTH CAUSE OF ACTION<br><br>(Declaratory Relief against Trees) |
| SEVENTH CROSS-CLAIM<br><br>(Cause of Action Against TREES and Does 1 through 10 for Breach of Contract (Performance)) | TWELFTH CAUSE OF ACTION<br><br>(Breach of Contract [Performance] against Trees) |
| NINTH CROSS-CLAIM<br><br>(Cause of Action Against TREES for Breach of Contract (Insurance)) | THIRTEENTH CAUSE OF ACTION<br><br>(Breach of Contract [Insurance] against Trees) |

20.     On February 28, 2017, Trees answered PG&E's state cross-complaint and filed a cross-complaint against PG&E that same day. True and correct copies of Trees Answer and Cross-Complaint are attached hereto as Exhibits B and C, respectively.

21.     This Court should abstain from hearing the ninth, tenth, eleventh, twelfth and thirteenth causes of action against Trees in deference to the state court *Butte Fire* litigation, and to avoid duplicative and piecemeal litigation and waste  of the Court's and the parties' resources. Dismissing those causes of action will also discourage forum shopping.

**Twelfth Affirmative Defense**

22.     Trees realleges and incorporates by reference paragraphs 16-18 of its Affirmative Defenses.

This court may exercise its discretion to stay PG&E's eleventh cause of action for declaratory relief against Trees because it is duplicative of PG&E's declaratory relief cross-claim in the *Butte Fire* litigation.  *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 288-90 (1995); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-96 (1942).  PG&E's claim for declaratory relief may satisfactorily be heard and addressed in the state court *Butte Fire* litigation.

**Thirteenth Affirmative Defense**

23.     PG&E is not entitled to the relief sought in the Amended Complaint as to Counts 9 through 13 against Trees because the forum is not proper.  The forum selection clause in the Trees Agreement requires litigation in California state court.

24.     In paragraph 13.8 of the contract between PG&E and Trees, the parties agreed to litigate any disputes in California state court: "Any controversy or claim arising out of or in any way relating to this Contract which cannot be amicably settled without court action shall be litigated in a California State Court of competent jurisdiction …."  A true and correct copy of an excerpt of Trees Agreement is attached hereto as Exhibit D.

25.     PG&E's filing this action violates the party's contract, and precludes PG&E from the relief sought in the Amended Complaint as to Counts 9 through 13 against Trees.

**Fourteenth Affirmative Defense**

26.     PG&E's ninth cause of action, Breach of Contract [Contractual Duty to Indemnify]; tenth cause of action, Breach of Contract [Contractual Duty to Defend]; and eleventh cause of action, [Declaratory Relief] and twelfth cause of action, Breach of Contract [Performance]against Trees, are not ripe, and are therefore not proper for this court's adjudication.

27.     "Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed."  *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990)

28.     The underlying *Butte Fire* litigation remains ongoing.  Trees' liability for all of the underlying claims has not been determined, nor has the issue of whether any indemnification obligation by Trees has been triggered under the Trees Agreement.  Accordingly, PG&E is precluded from the relief sought in these counts, because the issues are not yet ripe.

## Fifteenth Affirmative Defense

29.     Trees alleges that the contract or agreement between PG&E and TREES, which was drafted by PG&E, contained unclear and ambiguous terms and conditions at the time they were made.

## Sixteenth Affirmative Defense

30.     Trees alleges that PG&E's Complaint is barred, or PG&E's recovery, if any, must be reduced because the language of the contract or agreement with TREES, including, but not limited to the indemnity provisions and the insurance provisions contained therein, is unenforceable because it was unconscionable at the time the agreement was made and because it would be unconscionable to require TREES to pay the sums demanded in the Complaint, or otherwise to enforce the terms of the contract as alleged in the Complaint.

## Seventeenth Affirmative Defense

31.     Trees reserves the right to rely upon any additional defenses that become known to it during the course of discovery.

WHEREFORE, Trees hereby demands the entry of judgment in its favor and against Plaintiff PG&E on all of the claims in the Amended Complaint, together with an award of interest, costs, attorney fees, and such other and further relief that the Court deems appropriate.

DATED:  March 8, 2017

By: /S/ John N. Ellison
JOHN N. ELLISON (appearance *pro hac vice*)
SHRUTI D. ENGSTROM (appearance *pro hac vice*)
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA  19103
Telephone:  (215) 851-8100
Facsimile:  (215) 851-1420
jellison@reedsmith.com
sengstrom@reedsmith.com

**DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY**

RANDY W. GIMPLE (SBN 129705)
A. DAVID BONA (SBN 209605)
AARON P. SHAPIRO (SBN 263399)
CARLSON, CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, CA  94111
Telephone: (415) 391-3911
Facsimile: (415) 391-3898

Attorneys for Defendant
TREES, INC.

**DEFENDANT TREES, INC.'S ANSWER TO AMENDED COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY**

1      **CERTIFICATE OF SERVICE**

2          On March 8, 2017, the following document was filed with the Court and served on the

3      following counsel by ECF:

4

5      **DEFENDANT TREES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR
       BREACH OF CONTRACT; IMPLIED COVENANT OF GOOD FAITH AND FAIR
6      DEALING; AND DECLARATORY RELIEF**

7      Kirk A. Pasich (SBN 94242)                    Kenneth F. Strong (SBN 88134)
8      Sandra Smith Thayer (SBN 200294)              Matthew T. Hawk (SBN 227225)
       Anamay Carmel (SBN 298080)                    GORDON & REES LLP
9      LINER LLP                                     275 Battery Street, 20th Floor
       1100 Glendon Avenue, 14th Floor               San Francisco, CA 94111
10     Los Angeles, CA 90024                         Telephone:    (415) 986-5900
       Telephone      (310) 500-3500                 Facsimile:    (415) 986-8054
11     Facsimile:     (310) 500-3501                 kstrong@gordonrees.com
       kpasich@linerlaw.com                          mhawk@gordonrees.com
12     thayers@dicksteinshapiro.com
       acarmel@linerlaw.com                          *Attorneys for Defendant and Cross-*
13                                                   *Complainant, ACRT*

14     Brittany L Sukiennik
       Evan R. Chesler
15     Kevin Orsini
       Cravath, Swaine and Moore LLP
16     825 Eighth Avenue
       New York, NY 10019
17     Telephone: (212)474-1000
       Facsimile: (212) 474-3700
18     Email: bsukiennik@cravath.com
       Email: echesler@cravath.com
19     Email: korsini@cravath.com

20     *Attorneys for Plaintiff, PG&E*

21

22

23

24

25

26

27

28

Kim V. Marrkand (*Pro Hac Vice*)
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241
kmarrkand@mintz.com

Evan S. Nadel (SBN 213230)
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone:     (415) 432-6000
Facsimile:     (415) 432-6001
enadel@mintz.com

*Attorneys for Defendants LIBERTY MUTUAL
FIRE INSURANCE COMPANY and LIBERTY
INSURANCE CORPORATION*

Craig S Simon
Berger Kahn, A Law Corporation
2 Park Plaza, Suite 650
Irvine, CA 92614
Telephone: (949) 474-1880
Facsimile:  (949)474-7265
Email: csimon@bergerkahn.com

*Attorney for Intervenor Fire Exchange*

Amanda L. Riddle
Corey, Luzaich, de Ghetaldi, Nastari & Riddle
LLP
700 El Camino Real
P.O. Box 669
Millbrae, CA 94030-0669
Telephone: (650)871-5666
Facsimile: (650)871-4144
Email: alr@coreylaw.com

*Attorneys for Intervenor Stephanie Mathes*

Steven M. Campora
Dreyer Babich Buccola Wood Campora, LLP
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916)379-3500
Facsimile: ( 916) 379-3599
Email: scampora@dbbwc.com

*Attorneys for Intervenor Kenneth Foley*

Maura Walsh Ochoa
Grotefeld Hoffmann
655 Montgomery Street, Suite 1220
San Francisco, CA 94111
Telephonhe:  (415) 344-9670
Facsimile:  (415) 989-2802
Email: mochoa@ghlaw-llp.com

*Attorney for Intervenor American Security
Insurance Company*

/S/ John N. Ellison
JOHN N. ELLISON (appearance *pro hac vice*)