# EXHIBIT B

```
RANDY W. GIMPLE (SBN 129705)
A. DAVID BONA (SBN 209605)
AARON P. SHAPIRO (SBN 263399)
CARLSON, CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, CA  94111
Telephone:    (415) 391-3911
Facsimile:    (415) 391-3898
Email:        rgimple@ccplaw.com
              dbona@ccplaw.com
              ashapiro@ccplaw.com
```

Attorneys for Defendant/Cross-Defendant/
Cross-Complainant TREES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 3.550),<br><br>BUTTE FIRE CASES | Case No.:        JCCP No. 4853<br>Assigned to:    Hon. Allen H. Sumner<br>                       Dept. 42<br><br>**TREES, INC.'S ANSWER TO CROSS-COMPLAINT OF PACIFIC GAS AND ELECTRIC COMPANY**<br><br>Discovery Cut-Off:   None Set<br>Motion Cut-Off:      None Set<br>Trial Date:                None Set |

**Actions Included in the JCCP 4853 Coordinated Proceeding:**

*Adair, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 16CV41876

*Adams, Jon, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 16CV41717

*Adams, Sylvia, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court 15-549629

*Alander, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41216

*Alberg, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 16CV41878

*Allstate Ins. Co., et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41279

1

**TREES, INC.'S ANSWER TO PACIFIC GAS & ELECTRIC COMPANY'S CROSS-COMPLAINT**

1 | *American Modern Home Ins., et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court
2 |   16CV41429
3 | *Amerman, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court 16-
4 |   553719
5 | *Ancar, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court 16-
6 |   551597
7 | *Andrews v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41209
8 | *Armstrong, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court
9 |   16CV41879
10 | *Bankers Standard Ins., et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41278
11 | *Barragan, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court
12 |   15CV41255
13 | *Biggs-Adams, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court
14 |   15-548386
15 | *Bolton v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 16CV41635
16 | *Brundage, et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41224
17 | *Burriss, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court 15-
18 |   548899
19 | *California Casualty Indemnity Exchange v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court
20 |   16CV41676
21 | *Christopher et al. v. PG&E, PG&E Corp.; Trees, Inc.; ACRT*; Amador Superior Court 16-CV-
22 |   9797
23 | *Cooper, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 16CV41663
24 | *CSAA Ins. Exchange, et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41267
25 | *Finch, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Sacramento Superior Court 34-2016-
26 |   00196865
27 | *Fire Ins. Exchange; Farmers; et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court
28 |   15CV41276

1  *Hartford Casualty Ins. Co., et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court
2      15CV41274
3  *Kern v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41290
4  *Liberty Ins., et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41289
5  *Lloyds Policy No. LMHO01163 v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior
6      Court 16CV41632
7  *Lloyds Policy No. LMHO1044 v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior
8      Court 16CV41630
9  *Lloyds Policy No. LSI101819-01 v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior
10     Court 16CV41629
11 *Lloyds Policy No. LSI102892 v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior
12 Court 16CV41631
13 *Mainville, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court 16-
14     552778
15 *Mathes, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court 15-
16     548619
17 *Moeller, et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41162
18 *Monteith, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court 15-
19     549036
20 *Moresco, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court
21     16CV41474
22 *National General Ins. Co., et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court
23     16CV41601
24 *Nationwide Mutual Ins. Co., et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court
25     15CV41277
26 *Norfolk, et al. v. PG&E; Trees, Inc.; ACRT*; San Francisco Superior Court 16-551700
27 *Pargett, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41335
28 *Rush, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41261

1 | *Sacks, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court 15-549334

*Slifkoff, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41194

*Smith, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court 15-548611

*State Farm General Ins. Co., et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41266

*Thomas, et al. v. PG&E Corp; PG&E, Trees, Inc.; ACRT*; Calaveras Superior Court 16CV41774

*Thompson, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court 15-549623

*Travelers Commercial Ins. Co., et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court 16CV41581

*Tyler v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; San Francisco Superior Court 15-548319

*United Services Auto. Assoc., et al. v. PG&E; Trees, Inc.; ACRT*; Calaveras Superior Court 15CV41275

*White, et al. v. PG&E; PG&E Corp.; Trees, Inc., ACRT*; Calaveras Superior Court 16CV41622

*Wilcox, et al. v. PG&E; PG&E Corp.; Trees, Inc.; ACRT*; Calaveras Superior Court 16CV41955

Defendant/cross-defendant TREES, INC. ("Cross-Defendant") hereby answers the Cross-Complaint of defendant/cross-complainant PACIFIC GAS AND ELECTRIC COMPANY ("Cross-Complainant") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30, Cross-Defendant denies, generally and specifically, each and every allegation contained in each and every cause of action alleged against Cross-Defendant in Cross-Complainant's Cross-Complaint. Cross-Defendant further denies that Cross-Complainant has been damaged in the sum alleged, or at all, by any act or omission on the part of Cross-Defendant, or any of its agents, servants, principals, employers, employees, or representatives, or that Cross-Complainant is entitled to any damages in any

4

TREES, INC.'S ANSWER TO PACIFIC GAS & ELECTRIC COMPANY'S CROSS-COMPLAINT

amount for any act or omission of Cross-Defendant, or on the part of any of its agents, servants, principals, employers, employees, or representatives.

## AFFIRMATIVE DEFENSES

The following affirmative defenses are based on presently known information. Cross-Defendant reserves its right to amend this Answer to include additional affirmative defenses based upon later acquired information. As and for its separate affirmative defenses, Cross-Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Sole Negligence)

Cross-Defendant alleges that Cross-Complainant's damages, if any, were the result of the sole negligence or willful misconduct of Cross-Complainant, its agents, servants, or independent contractors, and are prohibited by Civil Code § 2782.

### SECOND AFFIRMATIVE DEFENSE
(Active Negligence)

Cross-Defendant alleges that Cross-Complainant's damages, if any, were the result of the active negligence or willful misconduct of Cross-Complainant, its agents, servants, or independent contractors, and are prohibited by Civil Code § 2782.05.

### THIRD AFFIRMATIVE DEFENSE
(Causation)

Cross-Defendant's conduct was not the cause in fact, nor the proximate cause of any injury, loss, or damage alleged by Cross-Complainant.

### THIRD AFFIRMATIVE DEFENSE
(Non-Joinder of Indispensable Party)

Cross-Defendant alleges that Cross-Complainant's Cross-Complaint as a whole, and/or certain of the causes of action alleged therein, is barred by Cross-Complainant's failure to name in its Cross-Complaint indispensable parties.

### FOURTH AFFIRMATIVE DEFENSE
(Assumption of the Risk)

Cross-Defendant alleges that Cross-Complainant had full knowledge of the risks involved in the activity in which Cross-Complainant was engaged at the time of the incident set forth in the

Cross-Complaint herein, that Cross-Complainant voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Cross-Complaint, and that the loss or damage, if any, sustained by Cross-Complainant was caused by said risks that were accepted and voluntarily assumed by Cross-Complainant.

### FIFTH AFFIRMATIVE DEFENSE
(Voluntary Payment)

Cross-Defendant alleges that some or all of the damages sought by Cross-Complainant is to recoup monies paid by Cross-Complainant voluntarily and for which Cross-Complainant therefore has no right of recovery from Cross-Defendant.

### SIXTH AFFIRMATIVE DEFENSE
(Superior Equities)

Cross-Defendant alleges that some or all of the damages sought by Cross-Complainant are barred by the doctrine of Superior Equities.

### SEVENTH AFFIRMATIVE DEFENSE
(Unforeseen Cause)

Cross-Defendant alleges that Cross-Complainant's alleged damages, if any, were caused by acts of God, natural causes and/or irresistible forces of nature which were not reasonably foreseeable and/or which could not have been prevented by the exercise of ordinary care on Cross-Defendant's part.

### EIGHTH AFFIRMATIVE DEFENSE
(Unavoidable Accident)

The events relevant to the Cross-Complaint were an unavoidable accident, and Cross-Complainant is therefore barred from recovery against Cross-Defendant.

### NINTH AFFIRMATIVE DEFENSE
(Superseding Cause)

If Cross-Complainant suffered or sustained any damage or injury, either as alleged or at all, such damage or injury was directly and proximately caused by intervening or superseding causes, and, therefore, Cross-Complainant cannot recover for such damage injury against Cross-Defendant.

///

////

### ELEVENTH AFFIRMATIVE DEFENSE
**(Comparative Negligence/Contribution/Proposition 51)**

If Cross-Complainant suffered or sustained any damage or injury, either as alleged or at all, such damage or injury was directly and proximately caused by the negligence, recklessness, carelessness, fault and/or unlawful conduct of Cross-Complainant or other persons and/or entities, whether or not parties to this action, over which Cross-Defendant had neither control nor the right to control. Additionally, under the principles formulated in *American Motorcycle Association v. Superior Court*, 20 Cal.3d 578 (1978), the percentage of any contribution shall be established by special verdict or other procedure, and that this Cross-Defendant's ultimate liability be reduced to the extent of such contribution. Furthermore, this answering Cross-Defendant is only liable for its proportionate share of any non-economic damages, as set forth in California Civil Code § 1431.2.

### TWELFTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

If Cross-Complainant suffered any loss, damage, or injury, Cross-Complainant was under a duty to take reasonable steps to mitigate those damages, if any. Cross-Complainant, and/or Cross-Complainant's agents, failed to take any such steps, delayed in doing so, or took steps that compounded the alleged damages. Had Cross-Complainant and/or Cross-Complainant's agents timely and diligently taken reasonable steps to mitigate the alleged loss, damage or injury, they would have been reduced or avoided altogether. By failing to mitigate, Cross-Complainant is barred, in whole or in part, from recovering damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Offset for Salvage and Other Recoveries)**

Cross-Defendant alleges that Cross-Complainant's alleged damages, if any, are legally and equitably subject to reduction, in whole or in part, to the extent of salvage recovery, business profits and/or other income or monetary recoveries realized by Cross-Complainant after and as a result of the incident which is the subject of Cross-Complainant's Cross-Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Reservation of Defenses)**

Cross-Defendant currently has insufficient information upon which to form a belief as to the existence of additional, as yet unstated, affirmative defenses. Cross-Defendant reserves the

right to assert additional affirmative defenses if discovery discloses the existence of such affirmative defenses.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Unconscionability)

Cross-Defendant alleges that enforcement of this contract would be unconscionable and contrary to public policy.

### PRAYER FOR RELIEF

WHEREFORE, Cross-Defendant prays for judgment as follows:

1. That Cross-Complainant takes nothing by reason of their Cross-Complaint, or any cause of action alleged therein, and that judgment be entered in favor of Cross-Defendant;

2. That the Cross-Complaint be dismissed with prejudice;

3. That Cross-Defendant be awarded its costs of suit incurred in defending this action; and

4. The Court grant such other and further relief as it deems just and proper.

DATED: February 28, 2017            CARLSON, CALLADINE & PETERSON LLP

                                    By: _____
                                        RANDY W. GIMPLE
                                        A. DAVID BONA
                                        AARON P. SHAPIRO
                                        Attorneys for Defendant
                                        TREES, INC.

ELECTRONIC CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 353 Sacramento Street, 16th Floor, San Francisco, California 94111.

On February 28, 2017, I served true copies of the following document(s) described as:

- **TREES, INC.'S ANSWER TO CROSS-COMPLAINT OF PACIFIC GAS AND ELECTRIC COMPANY**

on the interested parties in this action pursuant to the most recent Omnibus Service List.

Pursuant to C.C.P. §1010.6, Cal. R. Ct. Rule 2.260, and the parties' agreement to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address listed by submitting a PDF format copy of such document via file transfer protocol (FTP) to CaseHomePage through the upload feature at www.casehomepage.com on February 28, 2017. The document(s) was transmitted by file transfer protocol (FTP) without error.

_____
SHARI L. HIIBEL

9
TREES, INC.'S ANSWER TO PACIFIC GAS & ELECTRIC COMPANY'S CROSS-COMPLAINT