RANDY W. GIMPLE (SBN 129705)
A. DAVID BONA (SBN 209605)
AARON P. SHAPIRO (SBN 263399)
CARLSON, CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, CA  94111
Telephone: (415) 391-3911
Facsimile: (415) 391-3898
Email: rgimple@ccplaw.com
       dbona@ccplaw.com
       ashapiro@ccplaw.com

JOHN N. ELLISON (appearance *pro hac vice*)
SHRUTI D. ENGSTROM (appearance *pro hac vice*)
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA  19103
Telephone:  (215) 851-8100
Facsimile:  (215) 851-1420
jellison@reedsmith.com
sengstrom@reedsmith.com

Attorneys for Defendant
TREES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts corporation; LIBERTY INSURANCE CORPORATION, a Vermont corporation; TREES, INC., a Delaware corporation; and DOES 1 through 10,<br><br>  Defendants. | Case No.:   3:16-cv-07365-JD<br><br>Case Assigned to Judge James Donato<br>Courtroom 11<br><br>**DEFENDANT TREES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED SUPPLEMENTAL COMPLAINT FOR BREACH OF CONTRACT; IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND DECLARATORY RELIEF** |

Plaintiff Pacific Gas & Electric Company ("PG&E") filed its Second and Supplemental Complaint for Breach of Contract; Implied Covenant of Good Faith and Fair Dealing; and Declaratory Relief (the "Amended Complaint"), and Defendant Trees, Inc. ("Trees"), by and through its undersigned counsel, hereby answers PG&E's Second and Supplemental Complaint as follows:

## NATURE OF THIS LAWSUIT

1. Admitted in part; denied in part. Trees admits that it is a contractor for PG&E and that a Commercial General Liability insurance policy was issued to Trees by defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") and that a Commercial Liability Umbrella insurance policy was issued to Trees by defendant Liberty Insurance Corporation ("Liberty"). Trees denies PG&E's allegations concerning the *Butte Fire* litigation as the complaints in that matter speak for themselves. Trees denies PG&E's characterizations of the agreement between Trees and PG&E ("Trees Agreement"), which is a document that speaks for itself. To the extent the allegations in Paragraph 1 constitute legal conclusions as to PG&E's status as an additional insured and Liberty Mutual's actions, no response is required.

## JURISDICTION AND VENUE

2. Admitted in part; denied in part. Trees admits the amount in controversy, exclusive of costs and interest, exceeds $75,000. To the extent the allegations in Paragraph 2 constitute legal conclusions, no response is required.

3. Admitted in part; denied in part. Trees admits it does business in this District. To the extent the allegations in Paragraph 3 constitute legal conclusions, no response is required.

4. Admitted in part; denied in part. Trees admits that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District. To the extent the allegations in Paragraph 4 constitute legal conclusions, no response is required.

## THE PARTIES

5. Admitted.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Second Amended Supplemental Complaint, and the same are therefore denied.

7. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Second Amended Supplemental Complaint, and the same are therefore denied.

8. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Second Amended Supplemental Complaint, and the same are therefore denied.

9. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Second Amended Supplemental Complaint, and the same are therefore denied.

10. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Second Amended Supplemental Complaint, and the same are therefore denied

11. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Second Amended Supplemental Complaint, and the same are therefore denied.

12. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Second Amended Supplemental Complaint, and the same are therefore denied.

13. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Second Amended Supplemental Complaint, and the same are therefore denied.

14. Admitted.

## THE TREES AGREEMENT

15. Denied. The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 15 that are not consistent with

the Trees Agreement. To the extent that the allegations contained in Paragraph 15 constitute legal conclusions, no response is required.

16. Denied. The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 16 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 16 constitute legal conclusions, no response is required.

17. Admitted in part; denied in part. Trees admits it had $207,500,000 in general liability insurance during the relevant time period. As to the remaining allegations, the Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 17 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 17 constitute legal conclusions, no response is required.

18. Denied. The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 18 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 18 constitute legal conclusions, no response is required.

19. Denied. The Trees Agreement speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained in Paragraph 19 that are not consistent with the Trees Agreement. To the extent that the allegations contained in Paragraph 19 constitute legal conclusions, no response is required.

**THE LIBERTY MUTUAL INSURANCE POLICY**

20. Admitted in part; denied in part. It is admitted that Liberty Mutual issued Policy No. TB2-631-004328-035 to the Asplundh Tree Expert Co. and that it was in effect from August 1, 2015, to August 1, 2016 (the "Liberty Mutual Policy"). It is admitted that Trees is a subsidiary of Asplundh Tree Expert Co. The remainder of the allegations in Paragraph 20 are denied. The Liberty Mutual Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 20 that are not consistent with the Liberty Mutual Policy. To the extent that the allegations in Paragraph 20 constitute legal conclusions, no response is required.

1   21.     Denied. The Liberty Mutual Policy and Trees Agreement speak for themselves and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 21 that are not consistent with the Liberty Mutual Policy or Trees Agreement.  To the extent that the allegations in Paragraph 21 constitute legal conclusions, no response is required.

   22.     Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 22 that are not consistent with the Liberty Mutual Policy.

   23.     Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 23 that are not consistent with the Liberty Mutual Policy.

   24.     Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 24 that are not consistent with the Liberty Mutual Policy.

   25.     Denied. The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 25 that are not consistent with the Liberty Mutual Policy.

   26.      Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 26 that are not consistent with the Liberty Mutual Policy.

   27.      Denied.  The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 27 that are not consistent with the Liberty Mutual Policy.  To the extent the allegations contained in Paragraph 27 constitute legal conclusions, no response is required.

   28.      Denied. The Liberty Mutual Policy speaks for itself, and Trees denies PG&E's characterization thereof and any allegations contained Paragraph 28 that are not consistent with the Liberty Mutual Policy.  To the extent the allegations contained in Paragraph 28 constitute legal conclusions, no response is required.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

29. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Second Amended Supplemental Complaint, and the same are therefore denied.

## THE LIBERTY UMBRELLA INSURANCE POLICY

30. Admitted in part; denied in part. It is admitted that Liberty Insurance Corporation ("Liberty") issued Policy No. TH7-631-509747-325 to the Asplundh Tree Expert Co., in effect from August 1, 2015, to August 1, 2016 (the "Liberty Policy"). It is admitted that Trees is a subsidiary of Asplundh Tree Expert Co. The remainder of the allegations in Paragraph 30 are denied. The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 30 that are not consistent with the Liberty Policy. To the extent that the allegations in Paragraph 30 constitute legal conclusions, no response is required.

31. Denied. The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 31 that are not consistent with the Liberty Policy. To the extent that the allegations in Paragraph 31 constitute legal conclusions, no response is required.

32. Denied. The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 32 that are not consistent with the Liberty Policy. To the extent that the allegations in Paragraph 32 constitute legal conclusions, no response is required.

33. Denied. The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 33 that are not consistent with the Liberty Policy. To the extent that the allegations in Paragraph 33 constitute legal conclusions, no response is required.

34. Denied. The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 34 that are not consistent with the Liberty Policy. To the extent that the allegations in Paragraph 34 constitute legal conclusions, no response is required.

35. Denied. The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 35 that are not consistent with the Liberty Policy. To the extent that the allegations in Paragraph 35 constitute legal conclusions, no response is required.

36. Denied. The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 36 that are not consistent with the Liberty Policy. To the extent that the allegations in Paragraph 36 constitute legal conclusions, no response is required.

37. Denied. The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 37 that are not consistent with the Liberty Policy. To the extent that the allegations in Paragraph 37 constitute legal conclusions, no response is required.

38. Denied. The Liberty Policy speaks for itself and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 38 that are not consistent with the Liberty Policy. To the extent that the allegations in Paragraph 38 constitute legal conclusions, no response is required.

39. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Second Amended and Supplemental Complaint, and the same are therefore denied.

## THE *BUTTE FIRE* LITIGATION

40. Admitted.

41. Admitted.

42. Admitted in part; denied in part. Trees admits on or around September 29, 2015, multiple plaintiffs sued PG&E for losses stemming from the Butte Fire. Trees admits that on or around February 7, 2016, those cases were coordinated by the Judicial Counsel of California and transferred to the Sacramento County Superior Court. Trees also admits that on or around May 23, 2016, the Butte Fire plaintiffs filed two Master Complaints on behalf of Individual Plaintiffs and the Subrogation Plaintiffs in Sacramento County Superior Court, Case Number JCCP 4853. To the

extent the remaining allegations in Paragraph 42 refer to the complaints in those actions, the complaints speak for themselves and PG&E's characterizations thereof are denied. To the extent the remaining allegations in Paragraph 42 constitute legal conclusions, no response is required.

43. Denied. The *Butte Fire* complaints are documents that speak for themselves, and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 43 that are inconsistent with the *Butte Fire* Complaints.

44. Denied. It is denied that Trees was responsible for tree pruning services in all of PG&E's service territory. As to the remaining allegations, the *Butte Fire* complaints are documents that speak for themselves, and Trees denies PG&E's characterizations thereof and any allegations contained in Paragraph 44 that are inconsistent with the *Butte Fire* complaints.

## **LIBERTY MUTUAL'S BREACH OF ITS DUTIES**

45. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 45 constitute legal conclusions, no response is required.

46. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 46 constitute legal conclusions, no response is required.

47. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 47 constitute legal conclusions, no response is required.

48. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 48 constitute legal conclusions, no response is required.

49. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 49 constitute legal conclusions, no response is required.

50. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 50 constitute legal conclusions, no response is required.

51. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 51 constitute legal conclusions, no response is required.

52. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 52 constitute legal conclusions, no response is required.

53. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 53 constitute legal conclusions, no response is required.

54. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 54 constitute legal conclusions, no response is required.

55. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 55 constitute legal conclusions, no response is required.

56. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 56 constitute legal conclusions, no response is required.

57. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 57 constitute legal conclusions, no response is required.

## **LIBERTY'S BREACH OF ITS DUTIES**

58. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 58 constitute legal conclusions, no response is required.

59. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 59 constitute legal conclusions, no response is required.

60. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 60 constitute legal conclusions, no response is required.

61. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Second Amended and Supplemental Complaint and the same are therefore denied. To the extent that the allegations contained in Paragraph 61 constitute legal conclusions, no response is required.

62. Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Second Amended and Supplemental Complaint and the same are

1  therefore denied. To the extent that the allegations contained in Paragraph 62 constitute legal
2  conclusions, no response is required.

### FIRST CAUSE OF ACTION

### (Breach of Contract [Duty to Defend] against Liberty Mutual)

5   63.    Trees realleges and incorporates by reference its responses to paragraphs 1-10, 18,
6  20-29, and 40-57.

7   64.    The first cause of action as set forth in paragraph 64 is directed against other
8  defendants and requires no response from Trees.

9   65.    The first cause of action as set forth in paragraph 65 is directed against other
10 defendants and requires no response from Trees.

11  66.    The first cause of action as set forth in paragraph 66 is directed against other
12 defendants and requires no response from Trees.

13  67.    The first cause of action as set forth in paragraph 67 is directed against other
14 defendants and requires no response from Trees.

### SECOND CAUSE OF ACTION

### (Breach of Contract [Duty to Indemnify] against Liberty Mutual)

17  68.    Trees realleges and incorporates by reference its responses to paragraphs 1-10, 18,
18 20-29, and 40-57.

19  69.    The second cause of action as set forth in paragraph 69 is directed against other
20 defendants and requires no response from Trees.

21  70.    The second cause of action as set forth in paragraph 70 is directed against other
22 defendants and requires no response from Trees.

23  71.    The second cause of action as set forth in paragraph 71 is directed against other
24 defendants and requires no response from Trees.

## THIRD CAUSE OF ACTION

## (Tortious Breach of the Implied Covenant of Good Faith

## and Fair Dealing against Liberty Mutual)

72. Trees realleges and incorporates by reference its responses to paragraphs 1-10, 18, 20-29, 40-57, 64-66, 70, and 71.

73. The third cause of action set as forth in paragraph 73 is directed against other defendants and requires no response from Trees.

74. The third cause of action set as forth in paragraph 74 is directed against other defendants and requires no response from Trees.

75. The third cause of action set as forth in paragraph 75 is directed against other defendants and requires no response from Trees.

76. The third cause of action set as forth in paragraph 76 is directed against other defendants and requires no response from Trees.

77. The third cause of action set as forth in paragraph 77 is directed against other defendants and requires no response from Trees.

## FOURTH CAUSE OF ACTION

## (Breach of Contract [Duty to Indemnify] against Liberty)

78. Trees realleges and incorporates by reference its responses to paragraphs 1-5, 11-13, 18, 30-44, and 58-62.

79. The fourth cause of action as set forth in paragraph 79 is directed against other defendants and requires no response from Trees.

80. The fourth cause of action as set forth in paragraph 80 is directed against other defendants and requires no response from Trees.

81. The fourth cause of action as set forth in paragraph 81 is directed against other defendants and requires no response from Trees.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 3:16-cv-07365-JD — 12 —
**DEFENDANT TREES, INC.'S ANSWER TO SECOND AMENDED AND SUPPLEMENTAL COMPLAINT OF PACIFIC GAS & ELECTRIC COMPANY**

## FIFTH CAUSE OF ACTION

## (Tortious Breach of the Implied Covenant of Good Faith

## and Fair Dealing against Liberty)

82. Trees realleges and incorporates by reference its responses to paragraphs 1-5, 11-13, 18, 30-44, 58-62, 79, and 80.

83. The fifth cause of action as set forth in paragraph 83 is directed against other defendants and requires no response from Trees.

84. The fifth cause of action as set forth in paragraph 84 is directed against other defendants and requires no response from Trees.

85. The fifth cause of action as set forth in paragraph 85 is directed against other defendants and requires no response from Trees.

86. The fifth cause of action as set forth in paragraph 86 is directed against other defendants and requires no response from Trees.

87. The fifth cause of action as set forth in paragraph 87 is directed against other defendants and requires no response from Trees.

## SIXTH CAUSE OF ACTION

## (Declaratory Relief against Liberty)

88. Trees realleges and incorporates by reference its responses to paragraphs 1-5, 11-13, 18, 30-44, and 58-62.

89. The sixth cause of action as set forth in paragraph 89 is directed against other defendants and requires no response from Trees.

90. The sixth cause of action as set forth in paragraph 90 is directed against other defendants and requires no response from Trees.

91. The sixth cause of action as set forth in paragraph 91 is directed against other defendants and requires no response from Trees.

92. The sixth cause of action as set forth in paragraph 92 is directed against other defendants and requires no response from Trees.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief against Trees and Liberty Mutual)

93.     Trees realleges and incorporates by reference its responses to paragraphs 1-10, 14-29, 40-57, 64-66, 70 and 71.

94.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Second Amended and Supplemental Complaint. To the extent that the allegations contained in Paragraph 94 constitute legal conclusions, no response is required.

95.     Denied.  The allegations contained in Paragraph 95 constitute legal conclusions, and therefore no response is required.

96.     Denied. The allegations contained in Paragraph 96 constitute legal conclusions, and therefore no response is required.

97.     Denied. The allegations contained in Paragraph 97 constitute legal conclusions, and therefore no response is required.

## EIGHTH CAUSE OF ACTION

### (Declaratory Relief against Trees and Liberty)

98.     Trees realleges and incorporates by reference its responses to paragraphs 1-5, 11-19, 30-44, 58-62, 79, and 80.

99.     Trees lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 of the Second Amended and Supplemental Complaint.  To the extent that the allegations contained in Paragraph 99 constitute legal conclusions, no response is required.

100.    Denied.  The allegations contained in Paragraph 100 constitute legal conclusions, and therefore no response is required.

101.    Denied.  The allegations contained in Paragraph 101 constitute legal conclusions, and therefore no response is required.

102.    Denied.  The allegations contained in Paragraph 102 constitute legal conclusions, and therefore no response is required.

## PRAYER FOR RELIEF

WHEREFORE, Trees hereby demands the entry of judgment in its favor and against Plaintiff PG&E on all of the claims in the Second and Supplemental Complaint, together with an award of interest, costs, attorney fees, and such other and further relief that the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. PG&E's Second and Supplemental Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. PG&E is not entitled to relief sought in the Second and Supplemental Complaint, because PG&E, by reason of its conduct waived any right to assert the claims contained therein.

### Third Affirmative Defense

3. Some or all of PG&E's claims for coverage and/or indemnity are barred as voluntary payments for amounts which are unreasonable under the circumstances of the underlying lawsuits.

### Fourth Affirmative Defense

4. PG&E is precluded from pursing a complete insurance recovery from insurance policies purchased by Trees before obtaining on a pro rata basis or other allocated basis coverage under its own insurance or available other insurance that is has chosen not to pursue.

### Fifth Affirmative Defense

5. PG&E is not entitled to the relief sought in the Second and Supplemental Complaint because PG&E, by reason of its conduct, is estopped from asserting the claims contained therein.

### Sixth Affirmative Defense

6. PG&E's claims are barred in whole or in part by its failure to use reasonable means to prevent and mitigate its alleged damages.

### Seventh Affirmative Defense

7. PG&E cannot seek recovery from Trees if the underlying actions determine that Trees' conduct was not a substantial factor in causing any of the injuries or damages as alleged in the Second and Supplemental Complaint.

**Eighth Affirmative Defense**

8. PG&E's Second and Supplemental Complaint fails to join necessary and indispensable parties, specifically PG&E and/or ACRT, Inc.'s insurers.

**Ninth Affirmative Defense**

9. Trees reserves the right to rely upon any additional defenses that become known to it during the course of discovery.

WHEREFORE, Trees hereby demands the entry of judgment in its favor and against Plaintiff PG&E on all of the claims in the Second and Supplemental Complaint, together with an award of interest, costs, attorney fees, and such other and further relief that the Court deems appropriate

DATED:  May 16, 2017

By: s/John N. Ellison

    RANDY W. GIMPLE (SBN 129705)
    A. DAVID BONA (SBN 209605)
    AARON P. SHAPIRO (SBN 263399)
    CARLSON, CALLADINE & PETERSON LLP
    353 Sacramento Street, 16th Floor
    San Francisco, CA  94111
    Telephone: (415) 391-3911
    Facsimile: (415) 391-3898
    rgimple@ccplaw.com
    dbona@ccplaw.com
    ashapiro@ccplaw.com

    JOHN N. ELLISON (appearance *pro hac vice*)
    SHRUTI D. ENGSTROM (appearance *pro hac vice*)
    REED SMITH LLP
    Three Logan Square
    1717 Arch Street, Suite 3100
    Philadelphia, PA  19103
    Telephone:  (215) 851-8100
    Facsimile:  (215) 851-1420
    jellison@reedsmith.com
    sengstrom@reedsmith.com

    Attorneys for Defendant TREES, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


# **CERTIFICATE OF SERVICE**

On May 16, 2017, the foregoing document was filed with the Court and served on the following counsel by ECF:

Kirk A. Pasich (SBN 94242)
Sandra Smith Thayer (SBN 200294)
Anamay Carmel (SBN 298080)
LINER LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
kpasich@linerlaw.com
thayers@dicksteinshapiro.com
acarmel@linerlaw.com

Brittany L. Sukiennik
Evan R. Chesler
Kevin Orsini
CRAVATH, SWAINE AND MOORE LLP
825 8th Ave, Worldwide Plaza
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
bsukiennik@cravath.com
echesler@cravath.com
korsini@cravath.com

*Attorneys for Plaintiff, PG&E*

Kim V. Marrkand (*Pro Hac Vice*)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241
kmarrkand@mintz.com

Evan S. Nadel (SBN 213230)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 432-6000
Facsimile: (415) 432-6001
enadel@mintz.com

*Attorneys for Defendants LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY INSURANCE CORPORATION*

                                                           s/John N. Ellison
                                               JOHN N. ELLISON (appearance *pro hac vice*)